IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE H. BRYANT, JR.                                                                        PLAINTIFF

v.                                            CIVIL ACTION NO.  3:05cv179TSL-AGN

MILITARY DEPARTMENT OF THE
STATE OF MISSISSIPPI, BY AND THROUGH
THE MISSISSIPPI AIR NATIONAL GUARD, FRANKLIN E.
CHALK, FREDERICK D. FEINSTEIN, ROY A.
GRAHAM, BILLY JOE GRESSETT, DONALD E.
JONES, LANGOFRD L. KNIGHT, F. GREGORY
MALTA, WILLIAM F. PARTEN, ROBERT E.
PIERCE, ROGER E. SHIRLEY, CHARLES F. STEED,
AARON K. WILSON and THOMAS TEMPLE; and
JOHN DOES 1-20                                          DEFENDANTS

**DEFENDANT MISSISSIPPI AIR NATIONAL GUARD'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS
FED. R. CIV. P. 11, 28 U.S.C. § 1927 AND MISSISSIPPI LITIGATION
ACCOUNTABILITY ACT MOTION FOR DISMISSAL, SANCTIONS
<u>AND RELATED RELIEF AGAINST PLAINTIFF</u>**

*\*\*\* REQUESTS DISPOSITIVE RELIEF
DIRECTED TO DISTRICT JUDGE TOM S. LEE \*\*\**

                                         E. Barney Robinson III (MSB #9432)
                                         MAJ, JA, MSARNG
                                         Assistant Staff Judge Advocate
                                         Joint Force Headquarters
                                         Post Office Box 22567
                                         Jackson, MS 39225-2567
                                         (P) (601) 985-4525
                                         (F) (601) 985-4500
                                         (E) barney.robinson@butlersnow.com

OF COUNSEL:

Edward O. Pearson (MSB #4080)
LTC, JA, MSARNG
Staff Judge Advocate
Joint Force Headquarters
Post Office Box 5027
Jackson, MS 39296-0297
(P) (601) 313-6106
(F) (601) 313-6171
(E) edward.pearson@ms.ngb.army.mil

# **TABLE OF CONTENTS**

                Page

TABLE OF CONTENTS ................................................................................................................ i

INTRODUCTION ......................................................................................................................... 2

    A.    The Standards COL Bryant and His Counsel Have Violated ............................................ 2

    B.    COL Bryant's Claims Are Not Warranted By Existing Law Or By A Nonfrivolous Argument For The Extension, Modification, Or Reversal Of Existing Law Or The Establishment Of New Law and Are Without Substantial Justification ............................ 3

    C.    COL Bryant's Claims Are Asserted for an Improper Purpose, Such As To Harass Or To Cause Unnecessary Delay Or Needless Increase In The Cost Of Litigation ...................... 5

ARGUMENT ................................................................................................................................. 5

I.    FOR THE REASONS SET FORTH IN THE GUARD'S PENDING MOTION TO DISMISS, COL BRYANT'S CLAIMS ARE FRIVOLOUS .................................................................. 5

II.    THE GUARD SEEKS ALL REMEDIES AVAILABLE TO IT UNDER RULE 11, 28 U.S.C. § 1927 AND THE MISSISSIPPI LITIGATION ACCOUNTABILITY ACT ........................ 5

Conclusion ..................................................................................................................................... 5

CERTIFICATE OF SERVICE ...................................................................................................... 7

*** *REQUESTS DISPOSITIVE RELIEF*
*DIRECTED TO DISTRICT JUDGE TOM S. LEE* ***

Defendant "Military Department of the State of Mississippi, by and through the Mississippi Air National Guard," [sic] properly known as Mississippi Air National Guard ("MSANG" or the "Guard")[1] submits this Memorandum of Authorities in Support of its Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and Mississippi Litigation Accountability Act Motion for Dismissal, Sanctions and Related Relief against Plaintiff Colonel Joe H. Bryant, Jr. ("COL Bryant").

COL Bryant has brought this Action against the Mississippi Air National Guard in violation of the bedrock principal that "the Government is not liable ... for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. U.S., 340 U.S. 135, 146 (1950).  For the reasons set forth in the Mississippi Air National Guard's Rule 12(b)(1), 12(b)(6), 12(c) and Eleventh Amendment Motion to Dismiss and for Judgment on the Pleadings ("Motion to Dismiss"), COL Bryant's claims against the Guard are frivolous, as they are nonjusticiable, fail to state a claim, are barred by the Eleventh Amendment and this Court lacks subject matter jurisdiction to adjudicate them.  Further, COL Bryant's continued prosecution of his claims against the Guard in this Action is being done solely to harass the Guard and its officials, as well as to cause unnecessary delay.

Accordingly, the Guard respectively submits that it is entitled to relief against COL Bryant and his counsel because COL Bryant is seeking the continued prosecution of his claims, despite the fact that the Guard's Motion to Dismiss put him and his counsel on actual notice that COL Bryant's claims are frivolous.  Further, had COL Bryant's counsel done even the most basic of

---

[1] "MSANG" is the military acronym for the Mississippi Air National Guard.  "MSARNG" is the military acronym for the Mississippi Army National Guard.  "MSNG" is the military acronym for the Mississippi National Guard.  "MMD" is the military acronym for the Mississippi Military Department.

1

legal research prior to filing this suit, he would have readily learned that the claims asserted herein against the Guard are not viable.

Pursuant to Rule 11, an earlier version of this memorandum of authorities and its concomitant Motion was provided to COL Bryant's counsel on April 13, 2005 -- 21 or more days before it was filed with this Court.[2]  In connection with letter tendering that version, the Guard's counsel offered COL Bryant a voluntary dismissal of his claims, which he refused.

The Guard now asks that this Court dismiss all COL Bryant's claims with prejudice, and award the Guard attorneys' fees, costs and expenses, as well as impose punitive monetary sanctions against COL Bryant and his counsel, jointly and severally.

## INTRODUCTION

### A.    The Standards COL Bryant and His Counsel Have Violated

Fed. R. Civ. P. 11 provides in relevant part that:

(b)    Representations to the Court.  By presenting to the court …a pleading, …an attorney …is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,  --
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

Id.

Similarly, 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

---

[2] (Letter from Robinson to Koerber of April 13, 2005, ex. A to Mtn.)

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Id.

Additionally, the Mississippi Litigation Accountability Act provides in pertinent part that:

Except as otherwise provided in this chapter, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct....

Miss. Code Ann. § 11-55-5 (1972).

> **B.    COL Bryant's Claims Are Not Warranted By Existing Law Or By A Nonfrivolous Argument For The Extension, Modification, Or Reversal Of Existing Law Or The Establishment Of New Law and Are Without Substantial Justification**

COL Bryant's claims against the Guard fly in the face of controlling law and are frivolous for at least five reasons:

### *Feres* and *Mindes* Bar All COL Bryant's Claims

- Feres v. United States, 340 U.S. 135, 142 (1950) flatly prohibits servicemember suits over alleged injuries incident to military service.  Under Feres and its progeny, COL Bryant's claims against the Guard are nonjusticiable and this Court lacks subject matter jurisdiction to adjudicate them.

- Under Mindes v. Seaman, 453 F.2d 197, 201 (5th Cir. 1971), COL Bryant's claims against the Guard are further barred, as they concern intramilitary personnel decisions.

- Under Mindes and Crawford v. Texas Army Nat'l Guard, 794 F.2d 1034, 1036 (5th Cir. 1980), COL Bryant's failure to exhaust his military administrative remedies as to his claims is fatal to his ability to bring them here.  As "[t]he party claiming federal subject matter jurisdiction has the burden of proving it exists[,]" Peoples Nat'l Bank v. OCC, 362 F.3d 333, 336 (5th Cir. 2004), *COL Bryant* must prove

3

exhaustion of his Air Force Board for Correction of Military Records remedies or his failure will be yet another basis for dismissal.

### The Guard is a State Agency and Therefore Is Not a "Person" Subject to Liability Under 28 U.S.C. §§ 1983, 1985 & 1986

- "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). As the Guard is a state agency, COL Bryant's 28 U.S.C. §§ 1983, 1985 & 1986 claims against it fail to state a claim. E.g., Introini v. South Carolina Nat. Guard, 828 F. Supp. 391, 392 (D. S.C. 1993)("Under Will, a § 1983 claim against the Guard cannot be maintained in state or federal court").

### The Guard's Eleventh Amendment Immunity Bars All COL Bryant's Claims

- As a state agency, the Guard enjoys the constitutional immunity of the Eleventh Amendment, which bars all COL Bryant's claims. See Jones v. New York State Division of Military and Naval Affairs, 166 F.3d 45, 49 (2nd Cir. 1999)("Both the [N.Y. Department of Military and Naval Affairs and the [N.Y. National Guard] are state agencies entitled to Eleventh Amendment immunity").

### The MWPA Provides No Right of Action

- "Because the Military Whistleblower Protection Act provides strictly administrative remedies, plaintiff does not have a private cause of action on which to file a claim in this court." Soeken v. U.S., 47 Fed. Cl. 430, 433 (Fed. Cl. 2000). COL Bryant's MWPA claim therefore is due for dismissal under Rule 12(b)(6).

### COL Bryant's Mississippi Whistleblower Protection Act Claim is *Feres*-Barred

- "Judicial review of a claim for damages asserted in the basis of state law would constitute no less an unwarranted intrusion into the military personnel structure than the entertainment of claims founded in § 1985, § 1983 and Bivens" and is therefore Feres-barred. Holdiness v. Stroud, 808 F.2d 417, 426 (5th Cir. 1987).

4

    **C.    COL Bryant's Claims Are Asserted for an Improper Purpose, Such As To Harass Or To Cause Unnecessary Delay Or Needless Increase In The Cost Of Litigation**

The law so obviously and overwhelmingly reveals the frivolous nature of COL Bryant's claims against the Guard, that COL Bryant and his counsel's continued prosecution can only be intended to harass the Guard, cause unnecessary delay and increase the cost of litigation.

## ARGUMENT

**I.    FOR THE REASONS SET FORTH IN THE GUARD'S PENDING MOTION TO DISMISS, COL BRYANT'S CLAIMS ARE FRIVOLOUS**

For the reasons set forth in the Guard's pending Motion to Dismiss and supporting memorandum, (04/13/05 MSANG Mtn. Dism. and Mem., docket nos. 5 & 6), COL Bryant's claims are frivolous. In the interest of brevity, the Guard incorporates that motion and its concomitant memorandum of authorities by reference herein.

**II.    THE GUARD SEEKS ALL REMEDIES AVAILABLE TO IT UNDER RULE 11, 28 U.S.C. § 1927 AND THE MISSISSIPPI LITIGATION ACCOUNTABILITY ACT**

The Guard seeks dismissal of all COL Bryant's claims against it in this Action with prejudice, as well as an award of attorneys' fees, costs and expenses, and the imposition of punitive monetary sanctions against COL Bryant and his counsel, jointly and severally.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, the Mississippi Litigation Accountability Act and other applicable law, the Guard respectfully submits that it is entitled to:

(1)    Dismissal of all COL Bryant's claims against it with prejudice;

(2)    A joint and several award, against COL Bryant and COL Bryant's counsel, of all attorneys' fees, costs and expenses the Guard has and will incur in this Action to its final conclusion, including any appeals;

    (3)    A joint and several award, against COL Bryant and COL Bryant's counsel, of such punitive monetary sanctions as are appropriate to discourage the filing of such meritless litigation in the future; and

    (4)    Such further, alternative, supplemental or additional relief as may be appropriate in the premises.

This the 5th day of May, 2005.

                        Respectfully submitted,

                        MISSISSIPPI AIR NATIONAL GUARD

                     /s E. Barney Robinson III
                       E. Barney Robinson III (MSB #9432)
                       MAJ, JA, MSARNG
                       Assistant Staff Judge Advocate
                       Joint Force Headquarters
                       Post Office Box 22567
                       Jackson, MS 39225-2567
                       (P) (601) 985-4525
                       (F) (601) 985-4500
                       (E) barney.robinson@butlersnow.com

OF COUNSEL:

Edward O. Pearson (MSB #4080)
LTC, JA, MSARNG
Joint Force Headquarters
Post Office Box 5027
Jackson, MS 39296-0297
(P) (601) 313-6106
(F) (601) 313-6171
(E) edward.pearson@ms.ngb.army.mil

## **CERTIFICATE OF SERVICE**

I, Major E. Barney Robinson III, Assistant Staff Judge Advocate and one of the counsel for the Mississippi Air National Guard, do hereby certify that, pursuant to Fed. R. Civ. P. 11, the foregoing instrument was served in accordance with Fed. R. Civ. P. 5, via hand delivery on April 13th, 2005 on:

> Paul A. Koerber, Esquire
> 460 Briarwood Drive
> Suite 500
> Jackson, MS  39206
>
> ATTORNEY FOR PLAINTIFF COL JOE H. BRYANT, JR.

I, Major E. Barney Robinson III, Assistant Staff Judge Advocate and one of the counsel for the Mississippi Air National Guard, do further certify that I have this day caused another true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the United States District Court ECF System:

> Paul A. Koerber (MSB #4239)
> Post Office Box 12805
> Jackson, MS  39236-2805
>
> ATTORNEY FOR PLAINTIFF COL JOE H. BRYANT, JR.
>
> Michael Farrell (MSB #5147)
> MITCHELL, MCNUTT & SAMS, P.A.
> Post Office Box 3647
> Jackson, MS 39207-3647
>
> ATTORNEY FOR DEFENDANT ROBERT E. PIERCE
>
> J. Stewart Parrish (MSB #10833)
> MALTA & PARRISH
> 823 22nd Avenue
> Meridian, MS 39301
>
> ATTORNEY FOR DEFENDANTS FRANKLIN E. CHALK, FREDERICK D. FEINSTEIN, ROY A. GRAHAM, BILLY JOE GRESSETT, DONALD E. JONES,

LANGOFRD L. KNIGHT, F. GREGORY MALTA, WILLIAM F. PARTEN, ROGER E. SHIRLEY, CHARLES F. STEED and AARON K. WILSON

Robert J. Bresnahan (MSB #04389)
Attorney at Law
P.O. Box 826
Meridian, MS 39302-0826

ATTORNEY FOR DEFENDANT THOMAS TEMPLE

THIS the 5th day of May, 2005.

          s/<u>E. Barney Robinson III</u>
           E. BARNEY ROBINSON III

JACKSON 1029179v1