IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JOE H. BRYANT, JR.**                                                                                                                  **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:05CV179LN**

**MILITARY DEPARTMENT OF THE STATE
OF MISSISSIPPI, FRANKLIN E. CHALK,
FREDERICK D. FEINSTEIN, ROY A. GRAHAM,
BILLY JOE GRESSETT, DONALD E. JONES,
LANGFORD L. KNIGHT, F. GREGORY MALTA,
WILLIAM F. PARTEN, ROBERT E. PIERCE,
ROGER E. SHIRLEY, CHARLES F. STEED,
AARON K. WILSON and THOMAS TEMPLE**                   **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Quash Subpoena Duces Tecum Issued and Served upon Yahoo, Inc. and Motion for Protective Order. The basis for the motion is the Defendants' serving a subpoena requesting documents from a third party. According to the Plaintiff, the subpoena is objectionable because the Defendants did not give prior notice to the Plaintiff of the subpoena and because some of the information sought is privileged. The court has reviewed the motion and the Defendants' response and is of the opinion that the Motion must be denied at this time, for the reasons that follow.

The subpoena about which the Plaintiff complains was issued to a non-party–Yahoo, Inc.-- and sought the Plaintiff's email records. An initial issue is whether the Plaintiff has standing to oppose the subpoena. The authority for a motion to quash a subpoena comes from Fed. R. Civ. P. 45(c), which is entitled "Protection of Persons Subject to Subpoenas." This title would indicate that only the person subject to a subpoena has the authority to seek an order quashing it. Indeed, the Fifth Circuit has held that a party does not have standing to raise "the issue of [a non-party's] amenability

to the compulsory process of the district court since they are not in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Garrett v. Blanton*, No. 89-4367, 1993 WL 262697, at *5, (E.D. La. July 6, 1993). Here, since the Plaintiff has alleged a personal right or privilege with regard to the materials, he would have standing to challenge the subpoena.

Moreover, the Plaintiff seeks a motion for a protective order. Fed. R. Civ. P. 26(c) permits a motion for a protective order to be brought "by a party or by the person from whom discovery is sought . . .for good cause shown . . . ." A motion for a protective order in this circumstance does not seek to vindicate a non-party's right to resist the compulsory process of the court, but to protect the rights of a party. However, the court has reviewed the motion and noted the lack of a Certificate of Good Faith as an attachment to it. Fed. R. Civ. P. 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order.

This requirement is not an empty formality. On the contrary, it has been the court's experience that obliging attorneys to certify to the court that they have conferred in good faith results, in a large number of cases, in counsel's resolving their discovery disputes without court intervention.

Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue; instead, the court requires both attorneys to certify that they conferred on the discovery issues in an attempt to resolve them.

Because no Certificate of Good Faith is attached to the Motion for Protective Order, that motion will be denied. This denial is without prejudice to the Plaintiff's right to file a subsequent Motion for Protective Order with the appropriate attachment. Although denying this Motion, the court notes that the failure to comply with the requirement of Fed. R. Civ. P. Rule 45(b)(1) to give prior notice to each party of the issuance of a subpoena has been held to invalidate the subpoena and justify granting a protective order. *McNerny v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995). Thus, a party's failure to serve a copy of a subpoena on his opponent, as required by Rule 45(b)(1), has been held to substantiate a decision to quash the subpoena. *Rhodes v. United States*, No. 4:CV-94-0038, 1994 WL 658633, at *2 (M.D. Pa. 1994).

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Quash Subpoena Duces Tecum Issued and Served upon Yahoo, Inc. And Motion for Protective Order is hereby **denied**.

IT IS SO ORDERED, this the 30th day of November, 2005.

                                                                          S/Alfred G. Nicols, Jr.
                                              UNITED STATES MAGISTRATE JUDGE