IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JOE H. BRYANT, JR.**                                                                                      **PLAINTIFF**

**VS.**                                                                                **CIVIL ACTION NO. 3:05CV179LN**

**MILITARY DEPARTMENT OF THE STATE
OF MISSISSIPPI, FRANKLIN E. CHALK,
FREDERICK D. FEINSTEIN, ROY A. GRAHAM,
BILLY JOE GRESSETT, DONALD E. JONES,
LANGFORD L. KNIGHT, F. GREGORY MALTA,
WILLIAM F. PARTEN, ROBERT E. PIERCE,
ROGER E. SHIRLEY, CHARLES F. STEED,
AARON K. WILSON and THOMAS TEMPLE**                                          **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion for Reconsideration of Order on Motion to Amend and to Join a Party. The Plaintiff had earlier sought to amend his Complaint to add Leslie Wilkes as a party. However, the proposed Amended Complaint contained claims against the Defendants that had already been dismissed by Judge Lee, and the undersigned denied the Motion to Amend on that basis. The Plaintiff has apparently restructured his Amended Complaint and once more asks that it be permitted. He argues at this juncture that his Amended Complaint contained the dismissed claims in order to preserve his right of appeal. Although he offers absolutely no legal authority for this argument, the court has researched the matter and is of the opinion that the denial of his Motion to Amend was in error.

As this court has stated on many occasions, only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also*

*Williams v. Mississippi Action for Progress, Inc.*, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D.Miss. 1993); *Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992). A motion that merely re-argues a party's earlier position will not persuade this court to change a previously entered ruling and is, indeed, an improper use of the motion that could result in sanctions. *Nationwide Mutual Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000). Here, however, the court is convinced that a manifest injustice could occur by preventing the Plaintiff from submitting his original Amended Complaint, for the reasons that follow.

The general rule is that an amended complaint supersedes and replaces the original pleading, which would preclude an appeal of any matters contained in the original complaint, but not brought forward to the amended pleading. *Wilson v. First Houston Investment Corp.*, 566 F.2d 1235, 1237-38 (5th Cir. 1978), *rev'd on other grounds*, 444 U.S. 959 (1979). However, in *Wilson*, the court suggested that a party should not be precluded from asserting matters raised in his original complaint, but dismissed by the district court and omitted from the amendment. *Id*. There is substantial authority to the contrary. 6 Wright & Miller, *Federal Practice and Procedure* § 1476 (1971) ("Several courts have held that the amended pleading supersedes the original pleading in all respects so that an appeal from a subsequent judgment on the merits cannot involve an attack on the dismissal of the original pleading."). Moreover, the Fifth Circuit more recently referred to this language in *Wilson* as "dictum," to which it was not bound. *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996). While the decision in *Bennett* rested on an entirely different factual scenario, the court is unwilling to compel the Plaintiff in this case to risk waiving some of his claims against the Defendants by omitting them from his Amended Complaint.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion for Reconsideration of Order on Motion to Amend and Join a Party is hereby **granted**.  The Plaintiff may file and serve his Amended Complaint, in the form attached to his earlier Motion to Amend and to Join a Party Defendant, on or before January 9, 2006.

IT IS SO ORDERED, this the 9th day of December, 2005.

S/Alfred G. Nicols, Jr.<br>UNITED STATES MAGISTRATE JUDGE