IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JOE H. BRYANT, JR.                                              PLAINTIFF


VS.                                   CIVIL ACTION NO. 3:05cv179TSL


MILITARY DEPARTMENT OF THE
STATE OF MISSISSIPPI, By and Through
the Mississippi Air National Guard; FRANKLIN E.
CHALK, FREDERICK D. FEINSTEIN, ROY A.
GRAHAM, BILLY JOE GRESSETT, DONALD E.
JONES, LANGFORD L. KNIGHT, F. GREGORY
MALTA, WILLIAM F. PARTEN, ROBERT E.
PIERCE, ROGER E. SHIRLEY, CHARLES F. STEED,
AARON K. WILSON, THOMAS TEMPLE and
LESLIE WILKES; and JOHN DOES 1-19
                                                              DEFENDANTS


**AMENDED COMPLAINT**

        COMES NOW, the Plaintiff, Joe H. Bryant, Jr., by and through counsel, and files

this his Amended Complaint for the relief sought herein and in accordance with the order

of this Court, against the Defendants, Military Department of the State of Mississippi, by

and through the Mississippi Air National Guard (hereinafter referred to as "MSANG"),

Franklin E. Chalk (hereinafter referred to as "Chalk"), Frederick D. Feinstein (hereinafter

referred to as "Feinstein"), Roy A. Graham (hereinafter referred to as "Graham"), Billy

Joe Gressett (hereinafter referred to as "Gressett"), Donald E. Jones (hereinafter referred

to as "Jones"), Langford L. Knight (hereinafter referred to as "Knight"), F. Gregory

Malta (hereinafter referred to as "Malta"), William F. Parten (hereinafter referred to as "Parten"), Robert E. Pierce (hereinafter referred to as "Pierce"), Roger E. Shirley (hereinafter referred to as "Shirley"), Charles F. Steed (hereinafter referred to as "Steed"), Aaron K. Wilson (hereinafter referred to as "Wilson"), Thomas Temple (hereinafter referred to as "Temple"), and Leslie Wilkes (hereinafter referred "Wilkes") and John Does 1-19; and in support hereof would show unto the Court the following, to-wit:

1.      This Court has jurisdiction of this matter, inasmuch as the claims and causes of actions set forth herein below, arise under the laws of the United States of America, such that said jurisdiction is conferred upon this Court in accordance with 28 U.S.C. Section 1331.  More specifically, this action is brought pursuant to the *Military Whistleblower Protection Act*, 10 U.S.C. Section 1034, the First Amendment to the *United States Constitution*, and 42 U.S.C. Sections 1983, 1985 and 1986.  Further, Plaintiff set forth herein below additional pendent, state law based claims, pursuant to *Mississippi Code Annotated*, Sections 25-9-171, *et seq.*, and under Mississippi common law.   Inasmuch as the claims and causes of action set forth herein below accrued or occurred, in whole or in part, in this district and in this division, venue is therefore proper with this Court.  Finally, Plaintiff would show and state unto the Court that he has exhausted all of his administrative remedies, all to no avail, prior to the commencement of this action.

## THE PARTIES

2.      Plaintiff, Joe H. Bryant, Jr., is an adult resident citizen of the State of Mississippi, and he maintains as his residence address, 7402 Kings Road, Meridian, Mississippi 39305.   At all material times relevant hereto, the Plaintiff was a Colonel in the Mississippi Air National Guard, and served as its Commander of Operations, prior to his forced retirement from active military service, on or about June 1, 2004.

3.      Defendant, Military Department of the State of Mississippi, acting by and through its Mississippi Air National Guard, (hereinafter sometimes referred to as, "MSANG") is a public militia of the State of Mississippi, established and operated pursuant to Section 33-3-3 of the *Mississippi Code of 1972, Annotated*, as amended, and it is authorized and operated pursuant to the rules and regulations of the National Guard Bureau of the United States of America.  The current Commander-in-Chief is the Honorable Haley Barbour, who has as his Adjutant General,  Harold A. Cross, who may be served with process of this Court at the Headquarters of the Mississippi Air National Guard located at 1410 Riverside Drive, Jackson,  Mississippi 39202.  However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant MSANG, who is Barney Robinson, Esq., and whose address is at Butler Snow O'Mara Stevens & Cannada, Attorneys at Law, P. O. Box 22567, Jackson, MS 39225-2567.   As set forth herein, this Defendant, MSANG, is located, situated in and otherwise operates within the Southern District of Mississippi of the Jackson Division of the United States District Courts.  At all material and relevant

times as alleged herein, Defendant MSANG operated and acted by and through its officers, including, but not limited to, Adjutant General Harold A Cross (hereinafter "Cross"), former Adjutant General George S. Walker (retired) (hereinafter "Walker") and/or David L. Weaver (retired) (hereinafter "Weaver"), such that their actions or omissions, which occurred within their respective official capacities, are imputed to Defendant MSANG.

4.     Defendant, Franklin E. Chalk, is an adult resident citizen of Lauderdale County, Mississippi, and he maintains as his residence address, 1725 Pineview Circle, Meridian, Mississippi 39305.   Defendant Chalk is a commissioned officer in the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff. However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Chalk, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd Avenue, Meridian, Mississippi 39301.

5.     Defendant, Frederick D. Feinstein, is an adult resident citizen of Lauderdale County, Mississippi, and he maintains as his residence address, 6889 Causeyville Road, Meridian, Mississippi 39301.  Defendant Feinstein is a retired commissioned officer of the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against

this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff.  However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Feinstein, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd Avenue, Meridian, Mississippi 39301.

6.      Defendant, Roy A. Graham, is an adult resident citizen of Lauderdale County, Mississippi, and he maintains as his residence address, 5767 Oak Street, Meridian, Mississippi 39305.  Defendant Graham is a non-commissioned officer in the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff. However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Graham, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd Avenue, Meridian, Mississippi 39301.

7.      Defendant, Billy Joe Gressett, is an adult resident citizen of Newton County, Mississippi, and he maintains as his residence address, 1756 Truelight Road, Chunky, Mississippi 39323.  Defendant Gressett is a non-commissioned officer in the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated

by this Defendant against the Plaintiff.  However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Gressett, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd Avenue, Meridian, Mississippi 39301.

8.     Defendant, Donald E. Jones, is an adult resident citizen of Lauderdale County, Mississippi, and he maintains as his residence address, 201 Adams Street, Chunky, Mississippi 39323.  Defendant Jones is a commissioned officer in the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff.  However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Jones, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd Avenue, Meridian, Mississippi 39301.

9.     Defendant, Langford L. Knight, is an adult resident citizen of Lauderdale County, Mississippi, and he maintains as his residence address, 4630 John Catlett Road, Toomsuba, Mississippi 39364-9749.  Defendant Knight is a commissioned officer in the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff. However, in accordance with Rule 5 of the

*Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Knight, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd Avenue, Meridian, Mississippi 39301.

10.     Defendant, F. Gregory Malta, was an adult resident citizen of Lauderdale County, Mississippi, at the time of the commencement of this action, and he maintained as his residence address, 3230 Parkway Blvd, Meridian, Mississippi 39305.  Defendant Malta is a commissioned officer in the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff. Defendant Malta is an attorney and serves as an assistant judge advocate.  However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Malta, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd Avenue, Meridian, Mississippi 39301.

11.     Defendant, William F. Parten, is an adult resident citizen of Lauderdale County, Mississippi, and he maintains as his residence address, 5200 Rainbow Parkway, Meridian, Mississippi 39364.  Defendant Parten is a non-commissioned officer in the Mississippi Air National Guard; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff. However, in accordance with Rule 5 of the

*Federal Rules of Civil Procedure*, service may be had upon counsel of record for

Defendant Parten, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law,

823 22nd Avenue, Meridian, Mississippi 39301.

      12.     Defendant, Robert E. Pierce, is an adult resident citizen of Newton County,

Mississippi, and he maintains as his residence address, 590 Stamper Pond Road, Union,

Mississippi 39365.  Defendant Pierce is a commissioned officer in the Mississippi Air

National Guard; yet, at all material and relevant times as alleged herein and for such

conduct from which relief is sought against this Defendant, he acted in his civilian

capacity, albeit that a military investigation gave rise to such conduct perpetrated by this

Defendant against the Plaintiff.  However, in accordance with Rule 5 of the *Federal*

*Rules of Civil Procedure*, service may be had upon counsel of record for Defendant

Pierce, who is Mike Farrell, Esq., MITCHELL MCNUTT & SAMS, P.O. Box 3647,

Jackson, Mississippi 39207-3647.

      13.     Defendant, Roger E. Shirley, is an adult resident citizen of Newton County,

Mississippi, and he maintains as his residence address, 411 Adams Street, Chunky,

Mississippi 39305.  Defendant Shirley is a non-commissioned officer in the Mississippi

Air National Guard; yet, at all material and relevant times as alleged herein and for such

conduct from which relief is sought against this Defendant, he acted in his civilian

capacity, albeit that a military investigation gave rise to such conduct perpetrated by this

Defendant against the Plaintiff.  However, in accordance with Rule 5 of the *Federal*

*Rules of Civil Procedure*, service may be had upon counsel of record for Defendant

Shirley, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law, 823 22nd

Avenue, Meridian, Mississippi 39301.

14.     Defendant, Charles F. Speed, is an adult resident citizen of Lauderdale

County, Mississippi, and he maintains as his residence address, 2653 Russell-Mt. Gilead

Road, Meridian, Mississippi 39301.  Defendant Speed is a non-commissioned officer in

the Mississippi Air National Guard; yet, at all material and relevant times as alleged

herein and for such conduct from which relief is sought against this Defendant, he acted

in his civilian capacity, albeit that a military investigation gave rise to such conduct

perpetrated by this Defendant against the Plaintiff.  However, in accordance with Rule 5

of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for

Defendant Speed, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at Law,

823 22nd Avenue, Meridian, Mississippi 39301.

15.     Defendant, Aaron K . Wilson, is an adult resident citizen of Lauderdale

County, Mississippi, and he maintains as his residence address, 8940 Collinsville,

Meridian, Mississippi 39305.  Defendant Wilson is a commissioned officer in the

Mississippi Air National Guard; yet, at all material and relevant times as alleged herein

and for such conduct from which relief is sought against this Defendant, he acted in his

civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated

by this Defendant against the Plaintiff. However, in accordance with Rule 5 of the

*Federal Rules of Civil Procedure*, service may be had upon counsel of record for

Defendant Wilson, who is J. Stewart Parish, Esq., MALTA & PARISH, Attorneys at

Law, 823 22nd Avenue, Meridian, Mississippi 39301.

16.     Defendant, Thomas Temple, is an adult resident citizen of Lauderdale County, Mississippi, and he maintains as his residence address, 401 North Hill Street, Meridian, Mississippi 39305.  At all times material and relevant hereto, Defendant Temple acted in concert with certain of the other named Defendants in the operation of an unlawful establishment on the premises of the Mississippi Air National Guard at Key Field, in Meridian, Mississippi; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff. However, in accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel of record for Defendant Temple, who is Robert Bresnahan, Esq., Attorney at Law, P.O. Box 826, Meridian, MS 39302-0826.

17.     Defendant, Leslie Wilkes, is an adult resident citizen of Lauderdale County, Mississippi, and at all times material and relevant hereto, Defendant Wilkes acted in concert with certain of the other named Defendants in the operation of an unlawful establishment on the premises of the Mississippi Air National Guard at Key Field, in Meridian, Mississippi, and he engaged in other conduct of retaliation, threats, violence and intimidation against the Plaintiff, as more specifically set forth herein below; yet, at all material and relevant times as alleged herein and for such conduct from which relief is sought against this Defendant, he acted in his civilian capacity, albeit that

a military investigation gave rise to such conduct perpetrated by this Defendant against the Plaintiff. In accordance with Rule 5 of the *Federal Rules of Civil Procedure*, service may be had upon counsel Defendant Wilkes, who is Daniel P. Self, Jr., Esq., SELF, JACOB & KIERONSKI, Attorneys at Law, P. O. Box 949, Meridian, Mississippi 39302-0949.

18.     Defendants, John Does 1-20, are persons, entities, or businesses, the identities of which are currently unknown to the Plaintiff, or for which the Plaintiff has no actual or constructive notice of such Defendants' liability for the claims and causes of action set forth herein below. Plaintiff would therefore show unto the Court that the identities or liabilities of such Defendants are wholly within the control and knowledge of the named Defendants, and each of them, such that the Plaintiff currently has no reasonable knowledge or information concerning these Defendants' identities or liabilities, after reasonable and diligent search and inquiry. Plaintiff would further state and show unto the court that said John Does 1-20 may be persons, businesses or entities, which are domiciled in the State of Mississippi and which may be responsible for the actions, reprisals, violations and retribution which has been taken against the Plaintiff, as a whistleblower, all of which is the subject matter of this litigation. However, upon information and belief, these Defendants may likewise be liable to the Plaintiff for all injuries, damages, claims, and causes of action set forth herein. Plaintiff reserves the right to individually name such Defendants and join such Defendants, pursuant to Rules 19 and 20 of the *Federal Rules of Civil Procedure*, upon discovery of the true identities

and liabilities of the same.

19.    At all material and relevant times, as alleged herein, the Defendants engaged in such wrongful conduct, as more particularly described herein below, and they each engaged in such conduct in concert with one another, such that each of their action are imputed to one another.

<u>**FACTS**</u>

20.    On or about November 24, 1974, Plaintiff commenced his career in the military, and subsequently, on or about August 1, 1980, he was first assigned to duty with the MSANG's 186th Tactical Recon Group (TRG), which later became the 186th Air Refueling Wing, located at Key Field in Meridian, Mississippi (hereinafter sometimes simply referred to as the "186th").  Throughout his military career, Plaintiff received promotions and assignments indicative of his loyalty, diligence, expertise, training and knowledge in the exemplary performance of his duties, such that he eventually attained the rank of Colonel in the United States Air Force, while assigned to the Mississippi Air National Guard Headquarters, as its Director of Operations.  Indeed, Plaintiff's military record is replete with commendations and citations, including those for his service above and beyond the call of duty during 1999, as part of the United States' military engagement in Bosnia-Herzegovina.  Hence, throughout his military career, Plaintiff established himself as a leader in the armed forces of the United States, specifically the United States Air Force and particularly in Mississippi Air National Guard, and while serving the United States of America in its role and participation in the North Atlantic

Treaty Organization (NATO).

21.     During the period of time of 1990 through 1998, while a commissioned officer with the 186th at Key Field Air National Guard Base in Meridian, the Plaintiff began to observe wrongful actions by superiors in the method and manner by which his fellow airmen were being treated, in violation of statutes, rules and regulations of the United States and the State of Mississippi, including but not limited to, violations of federal laws of the United States of America and violations of the rules and regulations promulgated by the National Guard Bureau and the Department of Defense, as well as violations of the *Mississippi Code of Military Justice*, Sections 33-13-1, *et seq.* and Section 33-9-19 of the *Mississippi Code of 1972, Annotated*, as amended.

22.     During the same period of time, Plaintiff took certain actions in efforts to protect and defend his fellow airmen at the 186th, in their jobs, ranks and assignments, as well as to protect the integrity of the 186th, the Mississippi Air National Guard, the United States Air Force, and their respective properties and missions. Such observations of wrongs being committed at the 186th include, but are not limited to:

    a.  Racial discrimination.

    b.  Sexual harassment.

    c.  Failure to accomplish required training and falsification of training and
        certification records.

    d.  Use of government property for non-military purposes.

    e.  Misappropriation of governmental property.

     f.  Dereliction of officers' duties.

     g.  Wrongful conduct unbecoming of certain officers.

     h.  Impropriety in the use of or creation of an appearance of such impropriety in

          the use of the 186th's personnel, time, equipment, property and resources

          for private/personal unofficial activities.

     i.  Falsification of work hour and duty records.

     j.  Wrongful operation of a retail liquor store at Key Field.

     k.  Misreporting of the unit's military readiness status.

     l.  False and misleading information provided in response to U. S. Congressional

          inquiries concerning activities associated with Key Field Air National

          Guard Base.

     m. Improper conduct associated with official professional military education

          course work.

     n.  Improper and inaccurate officer performance reports.

     o.  Unauthorized retention and/or selection of disqualified and/or unqualified

          personnel in certain positions.

     p.  Such other wrongful conduct, as will be shown at a trial of this matter.

Plaintiff would state and show unto the Court that these improprieties were committed by

the Defendants, and each of them.

     23.     During the same said time, the Plaintiff would bring such violations to the

attention of his superior officers.  On numerous occasions such complaints of the Plaintiff

were ignored, even though he was an officer and even though he had eventually attained the position as Director of Operations for the MSANG.

24.     In or about October 1998, Plaintiff brought his concerns and complaints to the attention of Cross, who was then assigned as Brigadier General of the Mississippi Air National Guard.  Cross dismissed Plaintiff's complaints.

25.     Subsequently, Plaintiff volunteered for service, at the urging of Cross, and in or about December 1998, he was selected for a NATO command position, as the Commander, 16th Expeditionary Air Support Operations Group.  He was subsequently dispatched to Bosnia-Herzegovina, where he served with distinction, as both the Commander, 16th Expeditionary Air Support Operations Group and the NATO Air Operations Coordination Center Director, during the term of January 30, 1999 through June 15, 1999.

26.     During Plaintiff's deployment to Bosnia-Herzegovina, Cross sought Plaintiff's voluntary separation from the Mississippi Air National Guard to be effective on or about November 1, 1999.  Plaintiff was also notified and requested to sign a letter of resignation, which Plaintiff refused to do.  Also, while deployed, Plaintiff received notification that he was being relieved of his duties as Director of Operations of the MSANG Headquarters by Cross, which was violative of the Plaintiff's interests, especially during his deployment to a theater of war.

27.     In or about July, 1999, Plaintiff returned to Key Field Air National Guard Base, and rather than be reinstated to his former position as Director of Operations of the

MSANG, he was instead assigned to the position of an officer junior in grade, a lieutenant colonel, and was directed to assist an officer junior to him, a lieutenant colonel who already held the position, all in violation of National Guard Bureau regulations. Furthermore, the Plaintiff was directed to occupy an "office", which was actually in a "storage room" in the 186th Air Refueling Wing headquarters building, and he was ordered to never report to anyone or perform any duties regarding the Wing's flight operations, even though Plaintiff was a pilot and a Colonel.   Plaintiff would state and show unto the Court that such conduct taken against the Plaintiff was in direct retaliation for Plaintiff's complaints regarding the improper actions of his superior officers, set forth above, and he would further state and show unto the Court that such conduct was made by Cross and Weavor, and Defendants Feinstein, Chalk, Knight, Malta and Pierce, in an effort to humiliate, intimidate and harass the Plaintiff.  Indeed, Plaintiff would show and state unto the Court that such conduct has been previously utilized by said Defendants against other former members of the 186th, in order to coerce their resignation or retirement from service.

28.      Rather than succumb to such tactics, Plaintiff sought, throughout the remainder of 1999 and into early 2000, to bring his concerns and complaints to the attention of officers in the United States Air Force and National Guard, who would take action to remedy the problems for Plaintiff and his fellow airmen of the 186th.   All such efforts were to no avail.  During the same period, Cross, with the assistance and input from Weaver and certain named Defendants, including, but not limited to, Knight,

Temple and Chalk, composed a career damaging report regarding the Plaintiff, in a effort to adversely affect his military record. Plaintiff would respectfully show unto the Court that such action was taken in retaliation of Plaintiff's previous complaints regarding the operations of the 186th, as set forth herein above.

29.     In or about February 2000, Plaintiff brought his written complaint to the attention of Colonel Roger Shields, the then acting executive officer for the Commander, Mississippi National Guard, Adjutant General George Walker.   Approximately one week later, in or about the first week of March, 2000, Cross threatened the Plaintiff with the loss of his career in the MSANG. Plaintiff would state and show unto the Court that such conduct was in direct retaliation for his protected communication with the Mississippi National Guard Adjutant General's office.

30.     At the same time, Plaintiff, in his civilian capacity, was employed with FEDEX, as a pilot for its shipment operations. This fact was well known to the Defendants. Immediately subsequent to the aforesaid encounter with Cross, Defendant Malta accosted the Plaintiff and threatened the continuation of his job at FEDEX, his career in the MSANG, and his pilot's license with the Federal Aviation Administration (FAA). Plaintiff would state and show unto the Court that such conduct was in direct retaliation for his protected communication with the Mississippi National Guard Adjutant General's office.

31.     Continuing in his refusal to succumb to the threats, intimidation and scare tactics of the Defendants, Plaintiff sought a meeting with then Major General George S.

Walker, as well as then Mississippi Governor Ronnie Musgrove, to whom he petitioned for a change in the leadership of the 186th and was supported by written correspondence to both by approximately 80 airmen. As a result, on or about March 22, 2000, Plaintiff met with Walker. Plaintiff sought to provide Walker with the same written complaint as had been provided to the acting executive officer, Colonel Roger Shields, in February 2000, but Walker refused to accept the written complaint. Instead, Walker indicated his displeasure with the actions of the Plaintiff and further indicated that such continued actions of seeking a change in the leadership of the 186th would result in his dismissal from the MSANG.

32.     Unknown at the time to the Plaintiff and without his agreement, Plaintiff was relieved of his duties to the MSANG, on or about March 28, 2000; yet, he remained a member of the United States Air Force. Indeed, on April 6, 2000, Plaintiff attended his mandatory unit drill weekend, and during this period, Plaintiff was subjected to assignment to a "storeroom" and was ridiculed by Weaver and certain Defendants, including, but not limited to, Chalk and Malta.

33.     In or about early April 2000, Plaintiff was ordered by Defendant Temple to meet with Defendants Temple and Malta at the law offices of Bordeaux and Jones in Meridian, Mississippi. At the meeting on or about April 18, 2000, he was ordered to sign dismissal paperwork associated with his dismissal from the MSANG. Plaintiff refused.

34.     On or about April 10, 2000, Governor Musgrove corresponded with a retired member of the MSANG, Colonel Robert Soule, who had supported the Plaintiff

for the change in leadership of the 186th and who had expressed concerns with the lack of

leadership and low morale at the 186th.  In said correspondence, Governor Musgrove had

indicated that the Plaintiff had purportedly signed an acknowledgment, dated June 8,

1998, that he would be separated from the MSANG, and a copy of this statement was

enclosed.  This acknowledgment has subsequently been determined to be a forgery by the

Inspector General of the United States Air Force (USAF).

  35. In or about May, 2000, Plaintiff was offered a position within the Air

National Guard as assistant to the Director of Operations, because of his dedication to

duty and service to his country in Bosnia.  Plaintiff later transferred to the USAF

Reserves Air Force National Security and Emergency Preparedness agency (AFNSEP),

as its Emergency Preparedness Officer for Mississippi, in or about November 2002.

  36. In or about July, 2000, Walker resigned as Adjutant General of the

MSANG amidst multiple charges of partisanship.  Thereafter, on or about January 19,

2001, Major General James Lipscomb was confirmed as the new Adjutant General of the

MSANG.  Through November, 2000, Plaintiff attempted several meetings with

Lipscomb, concerning the Plaintiff's complaints about the MSANG, but he was

unsuccessful, until the Plaintiff indicated that the information, concerning these

complaints, would be turned over to the USAF's Inspector General, unless action was

taken.

  37. Through the assistance of Colonel Shields, on or about February 13, 2001,

the Plaintiff met with Lipscomb and provided him with essentially the same written

complaint that he had previously  provided to Walker and others, concerning the aforesaid improprieties at the 186th by the Defendants, all of which were considered in violation of the *Mississippi Code of Military Justice*, Sections 33-13-1, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended, as well as federal statutes, rules and regulations of the United States, the National Guard Bureau, and the Department of Defense.  On or about February 28, 2001, a copy of the written complaint was likewise sent directly to the Inspector General of the United States Air Force by the Plaintiff.

38.     Indeed, Plaintiff made such communication with General Lipscomb and the Inspector General, in accordance with the terms and provisions of 10 U.S.C. Section 1034, in seeking an investigation by the Inspector General of the Department of the Air Force.  Hence, all such communication by the Plaintiff, as set forth herein, is deemed protected communication, in accordance with 10 U.S.C. Section 1034.

39.     Thereafter, an initial investigation ensued.  As part and parcel of said investigation, the Department of the Air Force, by and through the Secretary of the Air Force's Inspector General, selected an investigator, Colonel David Bertholf.  Colonel Bertholf investigated the complaints of the Plaintiff.  That investigation was completed and submitted to the Mississippi Adjutant General.  Thereafter, the investigation was followed by another investigation, directed by the Adjutant General, and conducted  a special investigator, Colonel Kenneth J. Emanuel.  This investigation was chartered to examine additional allegations of the Plaintiff, which had been deferred from the first investigation.

40.     The allegations in Plaintiff's written and oral complaints presented to the Air Force inspectors of the Inspector General's office concerned the same wrongful actions of the Defendants, and each of them.  The Inspector General's reports concerning said allegations, along with the resulting findings from the investigations, are attached to and incorporated in the original Complaint in this matter, as Exhibits "A" and "B".

41.     As a result of the Plaintiff's protected communications with Lipscomb and the Inspector General's investigators, Bertholf and Emanuel and other investigative personnel, and as a result of the ensuing investigation, the Defendants, and each of them, systematically engaged and continue to engage in threats and other intimidation tactics, as set forth herein below, against the Plaintiff, specifically for his having communicated such wrongful conduct to the Inspector General and his personnel.  Such conduct on the part of the Defendants, therefore, was taken in reprisal for Plaintiff's having communicated with the Inspector General, such that the Defendants' actions violate 10 U.S.C. Section 1034(b)(1) and (2).

42.     Nevertheless, the Secretary of the Air Force Inspector General's office continued to investigate the allegations of the Plaintiff, concerning the wrongful conduct within the 186th and the MSANG.

43.     Throughout the continuing investigations by the Air Force Inspector General's office, the Defendants, and each of them, continued to engage in threats, violence and other means of intimidation against the Plaintiff, strictly for his having engaged in such protected communication with the Inspector General and Adjutants

General, Walker and Lipscomb, with the MSANG. Plaintiff would show and state unto the Court that, in addition to those actions previously committed by those certain Defendants named above, the following specific actions of threats, intimidation, violence, coercion and harm include but are not limited to, the following:

     a.  On or about March 3, 2001, Plaintiff was met by armed MSANG airmen, when Plaintiff attempted to attend the Minority Awareness Council Meeting.

     b.  Repeated gun shots being fired in and around Plaintiff's place of residence, which were made either by or at the direction of the Defendants, and each of them.

     c.  Numerous harassing telephone calls, as well as anonymous hangups made throughout the investigative process being conducted by the Inspector General.

     d.  Filing of frivolous lawsuits and abusing the process of the courts of the State of Mississippi by each of the Defendants, sans MSANG, against the Plaintiff and the subsequently appointed investigator of the Inspector General's office, David Bertholf, solely in an effort to harass and intimidate the Plaintiff, inasmuch as no legal or factual basis exists for the litigation.  Indeed, such frivolous and meritless lawsuits continue to be filed by each of the individual Defendants herein.

e.  Physical assault and battery by Defendants Temple and Wilkes on the
Plaintiff.

f.  On or about November 14, 2003, Defendant Pierce wrote to the FAA in
a conspicuous effort to have Plaintiff's license revoked.  In doing so,
Pierce provided the FAA with falsified medical information
concerning the Plaintiff, in a specific effort to likewise cause
Plaintiff to lose his job with FEDEX.  Inasmuch as Plaintiff's
physician has verified the falsity of Pierce's report and demanded
that Pierce retract such assertions, Plaintiff fortunately has retained
his employment with FEDEX.

g.  Additional communication has been instigated by the Defendants, and
each of them, so as to attempt interference with Plaintiff's
employment with FEDEX.  Included in such attempts are false and
defamatory statements by the Defendants, and each of them, all
intended to obtain revocation of Plaintiff's pilot license with the
FAA, to invoke the investigative authority of the Transportation
Safety Administration (TSA) of the Department of Homeland
Security of the United States, and to obtain Plaintiff's termination
from his regular employment with FEDEX.

h.  Defendants' acts of vandalism and malicious mischief, including the
cutting of the gasoline line to Plaintiff's wife's vehicle (which

occurred on or about March 8, 2004), shooting out windows to

Plaintiff's motor-home, destruction of appliances attached to said

motor-home, and slashing of tires on the Plaintiff's airplane.

i.  Such other acts of violence, threats, intimidation and harm, as will be

established at the trial of this matter, and as may be further

established during the discovery phase of these proceedings.

44.     As set forth above, each and every one of these actions by the Defendants,

and each of them, was taken as a direct and proximate result of and as a reprisal to or in

retaliation of Plaintiff's protected communication and speech with the Inspector General

and investigative personnel and with Plaintiff's former commanding officers, General

Lipscomb and General Walker.  Indeed, the aforesaid conduct of the Defendants, and

each of them, regarding violations of 10 U. S. C. Section 1034, has likewise been

established and substantiated by the Inspector General in issued reports, referenced

herein above.

45.     As a direct and proximate result of the aforesaid actions, intimidation,

threats, violence and harm by the Defendants, and each of them, against the Plaintiff, he

was forced into retirement from military service and his career in the armed forces of the

United States unjustifiably terminated, on or about June 1, 2004, all based upon the

retaliation and acts of reprisal committed by the Defendants, and each of them.  As such,

the Defendants, and each of them, intentionally interfered with his employment and

advantageous relationship, such that he has incurred and suffered actual and

compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

46.     As a result of the continuing or follow-on investigation by Colonel Emanuel of the Inspector General's office, a report of the investigation was issued on or about October 15, 2004, which substantiated many of the allegations made by the Plaintiff against the Defendants.  Attached to and incorporated in the original Complaint is a true and correct copy of said final report of said investigation, as Exhibit "B".

47.     As a direct and proximate result of the wrongful conduct of the Defendants, and each of them, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable and against whom a judgment should be entered by this Court based upon the following counts, to-wit:

## COUNT I

48.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

49.     The Defendants, and each of them, have violated the terms and provisions of the aforesaid *Military Whisteblower Protection Act*, 10 U. S. C. Section 1034, by engaging in the aforesaid wrongful conduct, including the perpetration of threats, intimidation, violence and harm against the Plaintiff.

50.    As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them are liable.

## COUNT II

51.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

52.    Plaintiff would state and show unto the Court that the Defendants, and each of them, have engaged in the aforesaid wrongful conduct, in violation of the Plaintiff's rights and privileges afforded him under the *First Amendment* to the *United States Constitution*.

53.    As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them are liable.

## COUNT III

54.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

55.     Plaintiff would further state and show unto the Court that the Defendants, and each of them, acting under color of state law and in consort with each other against the Plaintiff, engaged in the aforesaid wrongful conduct, all in an effort to deprive the Plaintiff of his aforesaid rights and privileges, in violation of 42 U.S.C. Section 1983.

56.     Plaintiff would further show unto the Court that the actions and conduct of the Defendants, and each of them, constitute the purposeful prevention or hindering of the Plaintiff and the authorities of the State of Mississippi, the United States, or any other proper and appropriate constituted authority or agency, from the equal protection of the laws of the United States of America.  As a result thereof, the Defendants, and each of them, conspired to deprive or injure the Plaintiff, in his person or property, by acts to deter, prevent, intimidate or threaten him, from discharging his duties as an officer in the MSANG and the USAF, such that the Defendants, and each of them, conspired to and did violate the terms and provisions of 42 U.S.C. Section 1985.

57.     Moreover, Plaintiff would show unto the Court that the Defendants, and each of them, conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the Plaintiff from engaging the due course of justice in the State of Mississippi and in the United States of America, with the intent to deny to the equal protection of the laws, by use of such conspiracy to deter, force, intimidate or threaten the Plaintiff from freely, fully and truthfully discharging his duties, all in violation of 42 U.S.C. Section 1985.

58.     Further, Plaintiff would show unto the Court that, in further violation of 42 U. S. C. Section 1985, the Defendants, and each of them, conspired to prevent the enforcement of Plaintiff's rights and privileges under 10 U.S.C. Section 1034, the *First Amendment* to the *United States Constitution*, as well as those rights and privileges pursuant to the *Fourteenth Amendment* of the *United States Constitution*, by such conspiracy to prevent, force, intimidate or threaten the Plaintiff from fully, freely and truthfully discharging his duties, as one holding a place of confidence, and from which the Plaintiff has suffered actual and compensatory damages, all to his loss and detriment.

59.     Finally, Plaintiff would state and show unto the court that the Defendants, and each of them, violated 42 U. S. C. Section 1986, inasmuch as they failed or refused to prevent the commission of the aforesaid acts of violence, threats, intimidation, coercion, and harm, through the Defendants' conspiracy.

60.     Plaintiff would therefore assert that the Defendants, and each of them, have violated the Plaintiff's rights and privileges afforded him under 42 U.S.C. Sections 1983, 1985 and 1986.

61.     As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.  He is likewise entitled to all relief afforded him under 42 U.S.C. Section 1988.

<u>COUNT IV</u>

62.      Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

63.      Plaintiff would further state and show unto the Court that, at the time the aforesaid events occurred and through June 1, 2004, he was an employee, as defined under the *Mississippi Whistleblower Protection Act*, Section 25-9-171, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended, such that he is afford the rights and privileges of reporting and communicating improper governmental action, as defined by Section 25-9-171, to the aforesaid investigative bodies of the State of Mississippi and subsequent assignment to the Inspector General, as defined under Section 25-9-171(g), without the threat or occurrence of reprisal or retaliatory action, as defined by Section 25-9-173.

64.      Based upon the above and foregoing wrongful conduct and actions, the Defendants, and each of them, are liable to the Plaintiff, pursuant to Section 25-9-175, for all remedies set forth by said statute, as well as the imposition of the penalties set forth therein.

<u>COUNT V</u>

65.      Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes

of actions set forth therein, and he would further state and show unto the Court the following:

66.     Plaintiff would further state and show unto the Court that the Defendants, and each of them, have engaged in the intentional, willful, wanton and grossly negligent infliction of mental and emotional distress upon the Plaintiff, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

COUNT VI

67.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

68.     Plaintiff would further state and show unto the Court that the Defendants, and each of them, have engaged in the negligent infliction of mental and emotional distress upon the Plaintiff, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

COUNT VII

69.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the

following:

70.     Plaintiff would further state and show unto the Court that Defendant Pierce has engaged in the intentional and willful interference with Plaintiff's employment and advantageous relationships, including, but not limited to, those relationships with his employer, FedEx, and with his privilege as a flight pilot and transportation employee, as more specifically set forth in Paragraph Nos. 43 and 45 above, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendant is liable.

COUNT VIII

71.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

72.     Plaintiff would further state and show unto the Court that Defendant Pierce has engaged in such conduct, as more particularly set forth herein above, which is defamatory of the Plaintiff and portrays Plaintiff in a false light to governmental and quasi-governmental agencies, so as to cause harm upon the Plaintiff's privileges as a flight pilot and his opportunities for employment, as more particularly set forth in Paragraph No. 43 above, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendant is liable.

## COUNT IX

73.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

74.     Plaintiff would further state and show unto the Court that Defendants, Temple and Wilkes engaged in the aforesaid acts of assault and battery upon the person of the Plaintiff, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which these Defendants are liable.

## COUNT X

75.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

76.     Plaintiff would further state and show unto the Court that the Defendants, and each of them, have engaged, aided, abetted or otherwise conspired to have perpetrated upon the Plaintiff, destruction of his personal property, as more specifically set forth in Paragraph No. 43 above, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which these Defendants are liable.

<u>COUNT XI</u>

77.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Amended Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

78.     Plaintiff would finally state and show unto the Court that the Defendants, and each of them, have engaged in the formation, facilitation, and perpetration of a civil conspiracy, so as to cause all such manner of harm, losses and injuries upon the Plaintiff, such that the Defendants, and each of them, jointly and severally, whether by deed, artifice, word or conduct, has engaged in such wrongful and unlawful activity, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which these Defendants are liable.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Joe H. Bryant, Jr., by and through his counsel, hereby demand a judgment of, from and against the Defendants, and each of them, and award unto him the following relief:

A.  All actual and compensatory, incidental and consequential, damages, to which he is entitled and which a jury of his peers and this Court may deem appropriate, under the aforesaid facts and circumstances.

B.  All punitive damages, which a jury of his peers and this Court deem appropriate, based upon the facts that the Defendants, and each of them, engaged in such

intentional, willful, wanton, and grossly negligent conduct and reckless disregard for the rights and privileges of the Plaintiff and others, such that the Defendants, and each of them, should be subjected to the imposition of punitive damages in an amount so as to punish the Defendants, and each of them, for such conduct; so as to deter the Defendants, and each of them, from engaging in such conduct in the future; so as to deter other similarly situated Defendants from engaging in such conduct in the future; and so as to bring such wrongdoers to public account.

C.  All relief and remedies, including the imposition of penalties, afforded the Plaintiff, in accordance with *Miss. Code Ann.* Sections 25-9-171, *et seq.*

D.  All prejudgment and post-judgment interest, as deemed appropriate by this Court.

E.  All attorney fees, costs and expenses, as deemed appropriate by this Court, and in accordance with 42 U.S.C. Section 1988.

Further, the Plaintiff prays for such other relief, either general or specific, as the Court and a jury of Plaintiff's peers deems appropriate.

RESPECTFULLY SUBMITTED, this the 21st day of December, 2005.

JOE H. BRYANT, JR., PLAINTIFF


By: _ */s/ Paul A. Koerber* _____
PAUL A. KOERBER

Paul A. Koerber
Attorney at Law
Mississippi Bar No. 4239
Post Office Box 12805
Jackson, Mississippi 39236-2805
(601) 956-0072

## REQUEST FOR TRIAL BY JURY

COMES NOW, the Plaintiff, Joe H. Bryant, Jr., by and through counsel, and respectfully requests a trial by a jury of his peers, of all claims, causes of action and issues set forth in the above and foregoing Amended Complaint, pursuant to Rule 38 of the *Federal Rules of Civil Procedure* and the *Seventh Amendment* to the *United States Constitution*.

RESPECTFULLY SUBMITTED this the 21st day of December, 2005.

JOE H. BRYANT, JR., PLAINTIFF


By:  ___/s/ Paul A. Koerber_____
PAUL A. KOERBER

## CERTIFICATE OF SERVICE

I, Paul A. Koerber, do hereby certify that I have this day, mailed, via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing document to the following:

J. Stewart Parish, Esq.
823 22nd Avenue
Meridian, MS 39301

Mike Farrell, Esq.
MITCHELL MCNUTT & SAMS
P.O. Box 3647
Jackson, MS 39207-3647

Robert Bresnahan, Esq.
Attorney at Law
P.O. Box 826
Meridian, MS 39302-0826

Greg Malta, Esq.
CHAMBERLAIN HRDLICKA WHITE WILLIAMS & MARTIN
1200 Smith Street, Ste 1400
Houston, TX 77002

SO CERTIFIED this the 21st day of December, 2005.


By: _/s/ Paul A. Koerber_____
        PAUL A. KOERBER