IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI, EASTERN DIVISION

JOE H. BRYANT, JR.   PLAINTIFF

vs.   Civil Action No. 3:05 CV 179 LN

MILITARY DEPARTMENT OF THE STATE
OF MISSISSIPPI, FRANKLIN E. CHALK,
FREDERICK D. FEINSTEIN, ROY A. GRAHAM,
BILLY JOE GRESSETT, DONALD E. JONES,
LANGFORD L. KNIGHT, F. GREGORY MALTA,
WILLIAM F. PARTEN, ROBERT E. PIERCE,
ROGER E. SHIRLEY, CHARLES F. SPEED
AARON K. WILSON and THOMAS TEMPLE

DEFENDANTS

**MOTION TO COMPEL PLAINTIFF TO EXECUTE AN AUTHORIZATION
FOR THE RELEASE OF PROTECTED HEALTH CARE
INFORMATION AND FOR EXTENSION OF DISCOVERY DEADLINE
AND MOTION FOR AWARD OF DISCOVERY SANCTIONS**

COMES NOW F. Gregory Malta, defendant pro se in this cause of action, pursuant to the provisions of Rule 37 of the Federal Rules of Civil Procedure and Rule 26.1(A)(3) of the Uniform Local Rules of this Court, and files this, his Motion to Compel Plaintiff to Execute an Authorization for the Release of Protected Health Care Information and for Extension of Discovery Deadline, along with his Motion for Award of Discovery Sanctions, and for good cause would show the following, to-wit:

**Procedural History and Background Facts**

1.   On March 17, 2005 the plaintiff filed his complaint alleging that he is entitled to recovery of money damages for the alleged wrongful acts of this defendant,

the Military Department of the State of Mississippi (hereinafter "*Military Department*") and their natural person co-defendants. In this action the plaintiff alleges that this defendant has committed acts of reprisal against him in violation of the provisions of 10 U.S.C. §1034 and the corresponding state statute, and has violated his civil rights protected by the First and Fourteenth Amendments to the United States Constitution and the provisions of 42 U.S.C. §1983, 42 U.S.C. §1985, and 42 U.S.C. §1986.

2. On August 15, on motion of the Military Department joined in by the natural person defendants, the Court dismissed the claims of the plaintiff against the Military Department and dismissed all claims against the remaining natural person defendants relating to their acts or omissions in their official capacities as officers or non-commissioned officers of the Mississippi National Guard.

3. On or about September 30, 2005 the plaintiff filed his Pre-Discovery Disclosure of Core Information identifying, among other potential witnesses, Dr. Michael Nanney (hereinafter "*Dr. Nanney*"), a physician "expected to have discoverable knowledge concerning health problems experienced by the Plaintiff due to stress" claimed to result from conduct of the defendants alleged the plaintiff's complaint. Please see the true and correct copy of Plaintiff's Designation of Experts attached hereto as Exhibit "*A*" and incorporated herein by reference.

4. On October 17, 2005 the Court entered its Case Management Order, setting litigation and discovery deadlines and scheduling the case for trial during the court term beginning on August 7, 2006. Among other suspense dates, the Court set January 7, 2006 as the plaintiff's deadline for the designation of expert witnesses and February 6, 2006 as the defendants' deadline for the designation of expert witnesses.

5.      On December 28, 2005 this defendant separately propounded his first set of interrogatories and his first set of production of documents to the plaintiff. This defendant's written discovery demands included Interrogatory Number 6 which stated:

> **Please state the name, address and telephone number of any expert who you may call as a witness at the trial of this action and, as to each such expert or experts thus identified, provide the following information:**
>
> **a.)     The profession or occupation and the field in which the expert is expected to be qualified;**
> **b.)     The subject matter on which each expert is expected to testify;**
> **c.)     The substance of the facts known and opinions held by each expert with respect to his or her consultation in this action; and**
> **d.)     A summary of the grounds for each opinion given.**

To date, the plaintiff has not responded to this defendant's First Set of Requests for Production of Documents or First Set of Interrogatories.

6.      On or about January 9, 2006 the plaintiff designated his experts, including Dr. Nanney, a medical doctor identified as a treating physician of the plaintiff who is expected to testify to the "stress, mental and emotional anxiety and physiological manifestations of the same" of the plaintiff that is allegedly related to his claims in this action. See *Exhibit "A"*. The plaintiff's designation further discloses that Dr. Nanney is expected to render opinions based upon his review of the plaintiff's medical records.

7.      On January 12, 2006 this defendant wrote lead plaintiff's counsel to request copies of Dr. Nanney's records of the medical care and treatment provided to the plaintiff, and cautioning plaintiff's counsel that "As the time allotted to the defendants to designate expert witnesses will expire on February 7, 2006, it is necessary for me to obtain copies . . . as soon as possible." Please see correspondence of this pro se defendant to Paul A. Koerber, esq. dated January 12, 2006 attached hereto as Exhibit "*B*"

and incorporated herein for all purposes. Plaintiff's counsel has never responded to the January 12, 2006 request.

8. On January 16, 2006 this defendant provided lead plaintiff's counsel with an authorization for the release of protected health care information in compliance with terms of the Health Insurance Portability and Accountability Act of 1996 (hereinafter "*HIPAA*") and requested that the plaintiff execute and return the waiver " . . . to allow us to obtain records related to his [plaintiff's] claims for mental and physical health damages as soon as possible. Please see transmittal correspondence of this pro se defendant to Paul A. Koerber, esq. dated January 16, 2006 attached hereto as Exhibit "*C*" and incorporated herein for all purposes. Plaintiff's counsel has never responded to the January 16, 2006 request.

9. On January 26, 2006 this defendant again wrote plaintiff's lead counsel requesting that the plaintiff execute and return the HIPAA-compliant waiver and warning, ". . . my deadline to designate my experts will expire on February 7, and Mr. Bryant's refusal to cooperate in discovery deprives me of my right to consult with experts to address Dr. Nanney's opinions. Time is of the essence in this matter." Please see correspondence of this pro se defendant to Paul A. Koerber, esq. dated January 26, 2006 attached hereto as Exhibit "*D*" and incorporated herein for all purposes. Plaintiff's counsel has never responded to the January 26, 2006 request.

10. On January 30, 2006 this pro se defendant provided a Good Faith Certificate to plaintiff's lead counsel in accordance with the provisions of Rule 37.1 of the Uniform Local Rules of this Court. Please see the paper copy of electronic transmittal correspondence of this pro se defendant to Paul A. Koerber, esq. dated January 30, 2006

and proposed Good Faith Certificate attached hereto as composite Exhibit "*E*" and incorporated herein for all purposes. Plaintiff's counsel has never returned an executed Good Faith Certificate.

11.     On January 30, 2006 this pro se defendant wrote plaintiff's lead counsel to request that the plaintiff enter into a discovery stipulation as contemplated by Rule 29 of the Federal Rules of Civil Procedure to allow the defendants an additional 30 days to designate experts. Please see the paper copy of electronic transmittal correspondence of this pro se defendant to Paul A. Koerber, esq. dated January 30, 2006, proposed Rule 29 Stipulation and Good Faith Certificate attached hereto as composite Exhibit "*F*" and incorporated herein for all purposes. Plaintiff's counsel has never responded to the January 30, 2006 request for a stipulation or the execution of a Good Faith Certificate.

12.     Although he wrote by e-mail on January 30, 2006 promising to provide answers to written discovery requests, it was not until February 2, 2006 that plaintiff's counsel finally responded to the medical records issue, writing in regard to the request for an extension of the defendants' time to designate experts, "I do not have a problem with this; so, please feel free to forward to me a joint motion and agreed order for review." Please see correspondence of Paul A. Koerber, esq. dated Feb. 2, 2006 attached hereto as Exhibit "*G*" and incorporated herein by reference.

13.     This defendant replied to plaintiff's counsel later the same day, February 2, 2006, supplying the requested agreed order and writing in pertinent part,

> **Thank you for agreeing to the enlargement of time that I have requested for all of the defendants. Please execute the Rule 29 Discovery Stipulation that is attached, indicating that the plaintiff agrees to the request, along with the attached**

**proposed order, and I will submit them to the court. If you will return the documents to me, I'll be responsible for obtaining the signatures of the other defense lawyers and for presenting them to the magistrate.**

Please see the paper copy of the electronic transmittal correspondence of this pro se defendant to Paul A. Koerber, esq. dated February 2, 2006, attached hereto as Exhibit "*H*" and incorporated herein. Despite soliciting it, plaintiff's counsel has never responded to the February 2, 2006 request for the execution of an agreed order.

14. Paragraph 4 of this defendant's electronic correspondence of February 2, 2006 once again asked the plaintiff to provide an executed HIPAA waiver and to "Please advise me Monday [Feb. 6, 2006] whether the plaintiff will voluntarily execute a waiver." *Exhibit H.* To date, plaintiff's counsel has not responded to this request.

15. On February 6, 2006 this defendant transmitted an electronic mail message to plaintiff's lead counsel again requesting the return of one of the Good Faith Certificates previously submitted, but as of the time of the filing of this motion there has been no response from plaintiff's counsel. Please see electronic mail correspondence of this pro se defendant to Paul A. Koerber, esq. dated February 6, 2006 attached hereto as Exhibit "*I*" and incorporated herein by reference.

16. In a separate electronic mail message to plaintiff's counsel transmitted on February 6, 2006, this defendant reiterated,

> **Also, I need to know <u>today</u> the plaintiff's position regarding my request for his `execution of a HIPP waiver. I am eager to hear from you on this subject, because as you know from our previous correspondence and our discussion at Mike Farrell's office on Dec. 15, I am concerned about my ability to comply with the deadlines set by the court in the case management order if I don't receive copies of**

**Mr. Bryant's medical records quickly. It's my understanding from discussions with other defense counsel that they are equally concerned about resolving this issue expeditiously.** [Emphasis in the original]

Please see electronic mail correspondence of this pro se defendant to Paul A. Koerber, esq. dated February 6, 2006 attached hereto as Exhibit "J" and incorporated herein by reference. To date, plaintiff's counsel has not responded to this request.

### Argument and Authorities

13.   Rule 37 of the Federal Rules of Civil Procedure authorizes a party, upon reasonable notice to other parties and all other persons affected thereby, may apply for an order compelling disclosure or discovery and may move for appropriate sanctions. See *Fed. R. Civ. P. 37*. The remedy for the plaintiff's failure to produce documents pursuant to a discovery request is a Rule 37(a) motion for an order compelling the plaintiff to produce documents. *GFI Computer Indus., Inc. v. Fry*, 476 F.2d 1, 3 (5th Cir. 1973).

14.   Rule 37 also allows that for the recovery of attorney's for expenses incurred in preparing a motion to compel and motion for sanctions. See *Fed. R. Civ. P. 37(a)(4); Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

15.   The terms of Rule 26 of the Federal Rules of Civil Procedure provide that a party must produce "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses" without the necessity of a discovery request from the opposing party. See *Fed. R. Civ. P. 26(a)(1)(B)*.

16.     The plaintiff has been aware at least since September 30, 2005, when he tendered his pre-trial disclosures, that he intended to put his health at issue in this action and that Dr. Nanney would be asked to give opinions to a reasonable degree of medical probability based at least in part on his review of the plaintiff's medical records.

17.     When a litigant puts his health in dispute in a lawsuit, the opposing parties are entitled to inquire into his medical history. The plaintiff has alleged that he suffers from mental and emotional injury as the result of the acts or omissions of the movant and his co-defendants. A party's emotional distress is in controversy in a lawsuit when it is unusually severe, requires an expert to explain, or is described in medical terms. *Ricks v. Abbott Labs*, 198 F.R.D. 647, 649 (D. Md 2001). The plaintiff describes his injuries as "conditions and ailments attributable to the stress, mental and emotional anxiety, and physiological manifestations of the same . . ." See *Exhibit A*. The plaintiff's condition also requires an expert for interpretation. According to the plaintiff's designation, Dr. Nanney is expected to "render testimony which may require the statement of medical opinions or findings to a reasonable degree of medical probability." See *Exhibit A*.

18.     Moreover, a litigant puts his or her health condition in issue by pleading it in support of his claims, as the plaintiff has done in this case. Where a plaintiff affirmatively asserts a mental or physical injury, he places that injury in controversy. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

19.     This defendant is prejudiced if not allowed access to the plaintiff's medical records for the benefit of his own expert to review and counter. Please see affidavit of F. Gregory Malta attached hereto as Exhibit "*K*" and incorporated herein by reference.

20. This defendant is unable to obtain the necessary discovery without the cooperation of the plaintiff, because his medical records are wholly within the plaintiff's control. Control is defined as the legal right, authority or ability to obtain documents on demand. *Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996). The plaintiff in this action has the sole legal right to his medical records. See generally the *Health Insurance Portability and Accountability Act of 1996; 45 CFR § 164.508(a)(1)*.

21. As a result of the dilatory discovery practices of the plaintiff, this defendant and the natural person co-defendants find themselves in need of an extension of the time period in which to designate experts. Although this defendant has not received an executed stipulation or good faith certificate as requested, plaintiff's lead counsel has in correspondence acknowledged his client's agreement to an extension of 30 days. See *Exhibit G, paragraph No. 6*

22. An enlargement of the defendants' time to designate experts by an additional thirty (30) days is warranted by the delay and obstruction of discovery by the plaintiff and is in the interest of the orderly and expeditious progression of discovery in this cause of action.

23. The plaintiff will suffer no prejudice as a result of an extension of the defendants' time to designate experts.

24. Owing to the plaintiff's pattern of delay, the defendants' additional 30 days to designate experts should run from the date of their receipt of a duly executed HIPAA-compliant waiver for the release of protected health care information from the plaintiff.

## Defendant's Motion for Attorney Fees

25. Rule 37 sanctions are used to penalize those whose conduct is worthy of such sanctions and to deter those who might be tempted to engage in such conduct in the absence of such deterrent. See *Stengel v. Kawasaki Heavy Indus.*, 116 F.R.D. 263, 268 (5th Cir. 1987) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980)). Under Rule 37, a party is responsible for the reasonable expenses, including attorney's fees, caused by their failure to comply with discovery. See *Tollett*, 285 F.3d at 368.

26. This defendant asks the Court to sanction the plaintiff for discovery abuse and for impeding the discovery process. This defendant has attempted to resolve this dispute with plaintiff's counsel but plaintiff's counsel has refused to respond to these proper requests. Therefore, the Court should sanction plaintiff by imposing monetary sanctions for expenses incurred in preparing this motion. See *Exhibit K, Affidavit of F. Gregory Malta.*

27. This defendant has incurred expenses in preparing the filing of this motion to obtain relief, and Rule 37(a)(4) of the Federal Rules of Civil Procedure and Rule 26.1 of the Uniform Local Rules of this Court provide that a party is entitled to recover reasonable expenses, including attorney's fees, incurred in obtaining an order to require a response to discovery. This defendant has incurred expenses for three and one half hours of attorney's fees for the preparation of this motion. Additionally, this defendant has incurred expenses for one and one quarter hour in preparing correspondence which should have been unnecessary to obtain proper discovery material from the plaintiff.

28.     A reasonable and customary rate for attorney's fees in this matter is $185 per hour. The sanctions this defendant seeks to recover his costs are no more severe than necessary to promote plaintiff's full compliance with discovery requests.

### Certificate of Conference

29.     Undersigned counsel hereby certifies that he has attempted to confer in good faith with plaintiff's counsel in an effort to resolve the discovery disputes complained of herein in an effort to avoid the necessity of the filing of these motions. A Good Faith Certificate is filed in conjunction with these motions in accordance with the requirements of Rule 37.1 of the Uniform Local Rules of this Court, though plaintiff's lead counsel has failed and refused to execute a certificate as requested.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, this defendant moves the Court to issue an Order compelling the plaintiff to tender a waiver for the release of his medical records that is fully compliant with the terms of 45 CFR § 164.508(a)(1) to this defendant forthwith. This defendant further moves the Court to issue an Order Amending the deadline for all defendants in this action to designate experts previously set in the Court's Case Management Order of October 17, 2005 to thirty (30) days immediately following the receipt of the plaintiff's executed medical waiver. Further, this defendant prays for the award of attorney's fees in the amount of $878.75 and any and all such other relief at law on in equity that the Court in its discretion deems appropriate in the circumstances.

J. Stewart Parrish, Attorney for Defendants Chalk, Feinstein, Graham, Gressett, Jones, Knight, Parten, Shirley, Speed and Wilson; Of Counsel for Defendant Malta
Post Office Box 823
Meridian, MS  39302
(601) 696-4400
Email:  secretary@jstewartparrish.com

Michael Farrell, Attorney fro Defendant Pierce
Mitchell, McNutt & Sams, PA
Post Office Box 3647
Jackson, MS  39207-3647
(601) 932-4311
Email:  mfarrell@mitchellmcnutt.com

Robert J. Bresnahan, Attorney for Defendant Temple
Post Office Box 826
Meridian, MS  39302-0826
(601) 693-6386
Email:  rbres@bellsouth.net

This, the ___7th___ day of February, 2006.

_____
F. Gregory Malta

Submitted by:

F. Gregory Malta, MSB #9743
Pro Se Defendant
1906 West Alabama
Houston, TX  77098
(713) 654-9601 (telephone)
(718) 658-4455 (facsimile)

THIS, the \_\_\_7th\_\_\_ day of February, 2006.

RESPECTFULLY SUBMITTED,

_____
F. GREGORY MALTA, pro se Defendant

## CERTIFICATE OF SERVICE

This is to certify that I, F. Gregory Malta, pro se defendant in this cause of action, have this day by U. S. Mail, postage pre-paid, delivered a true, correct and complete copy of the above and foregoing First Set of Interrogatories to the plaintiff, Joe H. Bryant, Jr. through his lead counsel of record, Paul A. Koerber, esquire, and have this day by electronic mail transmitted a true, correct, and complete copy of the above and foregoing in accordance with the terms of Rule 5.2 of the Uniform Local Rules of this Court to the following counsel of record in this civil action:

Paul A. Koerber, Lead Attorney for Plaintiff
Post Office Box 12805
Jackson, MS 39236-2805
(601) 956-0072
Email: psaklaw@aol.com

Wayne E. Ferrell, Jr., Of Counsel for Plaintiff
Post Office Box 24448
Jackson, MS  39225-24448
(601) 969-4700
Email: wferrell@airlawonline.com

Emerson Barney Robinson, III, Attorney for Defendant Mississippi Military Department
Butler, Snow, Omara, Stevens & Cannada, PLLC
Post Office Box 22567
Jackson, MS  39225-2567
(601) 948-5711
Email: barney.robinson@butlersnow.com