UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JOE BRYANT, JR.                                              PLAINTIFF


VS.                                        CIVIL ACTION NO. 3:05CV179LS

MILITARY DEPARTMENT OF THE STATE
OF MISSISSIPPI, BY AND THROUGH THE
MISSISSIPPI AIR NATIONAL GUARD;
FRANLKIN E. CHALK, FREDERICK D.
FEINSTEIN, ROY A. GRAHAM, BILLY JOE
GRESSETT, DONALD E. JONES, LANGFORD L.
KNIGHT, F. GREGORY MALTA, WILLIAM F.
PARTEN, ROBERT E. PIERCE, ROGER E.
SHIRLEY, CHARLES F. STEED, AARON K.
WILSON AND THOMAS TEMPLE                                     DEFENDANTS


MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of plaintiff Joe

H. Bryant to stay all state court proceedings, for permanent

injunction, to consolidate all proceedings, and to stay all

discovery pending adjudications.  Having considered plaintiff's

arguments, the court is of the opinion that his motion should be

denied.

     Plaintiff, formerly an officer in the Mississippi Air

National Guard assigned to MSANG's 186th Refueling Wing at Key

Field in Meridian, Mississippi, instigated an investigation by the

Inspector General of the Department of the Air Force into claims

of wrongful actions by members of the 186th, including Bryant's

superior officers.  The Inspector General undertook an

investigation, and the Report of Investigation completed in the

summer of 2004 substantiated some allegations against thirteen
individuals.  According to allegations in suits later filed by a
number of these individuals (which suits are the subject of
Bryant's present motion to consolidate), the Inspector General
assigned to MSANG sent a letter to Bryant in October 1994
summarizing the allegations against these individuals and
specifying which of the allegations had been substantiated and
which were unsubstantiated.  The suits allege that Bryant, in
turn, either directly or through an intermediary, provided the
summary report to The Meridian Star and The Clarion Ledger
newspapers, which published a detailed summary of the allegations
and the names of the persons involved.

On March 17, 2005, Bryant filed this lawsuit against the
Mississippi Military Department/MSANG and each of the thirteen
individuals that were the subject of his allegations to the
Inspector General, charging that defendants had engaged in
threats, violence and other intimidation tactics against him in
retaliation for his having communicated wrongful conduct to the
Inspector General.[1]  In the wake of these events, numerous

---

[1]     Bryant asserted claims for violations of the Military
Whistleblower Protection Act, 10 U.S.C. § 1034, the Mississippi
Whistleblower Protection Statute, § 25-9-171, and the First
Amendment, and alleged claims under 42 U.S.C. § 1983, 1985 and
1986.  This court has previously dismissed the Mississippi
Military Department/MSANG, finding that Bryant had no cognizable
claim for violation of the Whistleblower Protection statutes, and
finding that plaintiff's remaining claims against it were barred
by the Eleventh Amendment and/or by the Feres doctrine.  That left

lawsuits were filed against Bryant, and against The Meridian Star and The Clarion Ledger, by the persons that were the subject of Bryant's allegations and the Inspector General's investigation/ report and the newspaper articles.  For example, Robert Earl Pierce filed suit against Bryant in the Circuit Court of Newton County, Mississippi on October 20, 2005 alleging claims for invasion of privacy and negligent and/or intentional infliction of emotional distress based on allegations that Bryant negligently, or willfully and wantonly publicized the Inspector General's report.  That case was removed by Bryant and is pending in this court as Civil Action No. 4:06CV6LR.  On October 21, 2005, Franklin Chalk asserted identical claims against Bryant in a suit filed in the Circuit Court of Lauderdale County, and removed to this court as Civil Action No. 4:06CV13LR.  In addition, Gregory Malta and Aaron Kyle Wilson filed separate suits in the Circuit Court of Lauderdale County, also making these same claims against Bryant, and additionally including claims against The Meridian Star and The Clarion Ledger for defamation.  Those cases, having also been removed, are pending in this court as Civil Action Nos. 4:06CV11LR and 4:06CV12LR.

Bryant points out in his motion to consolidate that there are still other cases which involve "the subject matter of this very

only Bryant's civil rights claims against the individual defendants in their individual capacities.

litigation," some of which are pending in this court, e.g., <u>Pierce v. Clarion-Ledger</u>, Civil Action No. 4:05CV75LR, and <u>Pierce v. Air Force</u>, Civil Action No. 3:05CV215WS, and some of which remain pending in the Circuit Court of Lauderdale County, including <u>Wilkes v. Bryant</u>, Case No. 05 CV 067, <u>Chalk et al. v. Bryant</u>, No. 03CV94CR, and <u>Temple v. Bryant</u>, No. 04-CV-273B.

In his present motion, Bryant argues that because "all of the occurrences which give rise to these lawsuits" pending in both federal and state court "have their genesis in the investigation and related conduct and activities regarding the 186th Refueling Wing at Key Field in Meridian, Mississippi," then pursuant to the authority granted it by the All Writs Act, 28 U.S.C. § 1651, the Anti-Injunction Act, 28 U.S.C. § 2283, and Rule 42 of the Federal Rules of Civil Procedure, this court should (1) order that all proceedings in any Mississippi state court pertaining to Bryant "and any of the other named parties herein" be stayed; (2) permanently enjoin all parties herein from commencing further proceedings against Bryant in state court with respect to "the common factual issues regarding the investigation and subsequent conduct and activities relative to the 186th Refueling Wing"; (3) consolidate all pending federal actions involving these same matters with this case; (4) deem the civil actions filed by the named defendants as compulsory counterclaims to this proceeding; and (4) cause to be removed and consolidated with this action all

pending state court suits against Bryant which "in any manner
arise out of the same transaction or occurrences of the
investigations and resulting conduct of the 186th Refueling Wing."
Plaintiff's motion is without merit for a number of reasons.

Bryant suggests that this court should exert jurisdiction
over all the claims brought or sought to be brought against him,
and should maintain all the claims in this single lawsuit, because
the claims defendants have brought (or might bring) against him
are compulsory counterclaims to his claims herein.  In a related
vein, he contends that even if the various complaints filed
against him are not compulsory counterclaims, this court should
nevertheless exert jurisdiction over those cases and, pursuant to
Rule 42, consolidate them with the present action for all
purposes, but at the very least, for pre-trial proceedings.  The
court, however, concludes that the claims asserted against Bryant
in these other lawsuits against him are not compulsory
counterclaims to Bryant's claims herein, and that consolidation is
not warranted.

Rule 13(a) of the Federal Rules of Civil Procedure defines a
compulsory counterclaim as one which "arises out of the
transaction or occurrence that is the subject matter of the
opposing party's claim. . . ."  To determine whether a claim is a
compulsory counterclaim, the court asks

> (1) whether the issues of fact and law raised by the
> claim and counterclaim largely are the same; (2) whether

> res judicata would bar a subsequent suit on defendant's
> claim absent the compulsory counterclaim rule; (3)
> whether substantially the same evidence will support or
> refute plaintiff's claim as well as defendant's
> counterclaim; and (4) whether there is any logical
> relationship between the claim and the counterclaim.

In re Supreme Beef Processors, Inc., 391 F.3d 629, 634 (5th Cir.
2004) (quoting Tank Insulation Int'l v. Insultherm, Inc., 104 F.3d
83, 85-86 (5th Cir. 1997)). "'If any of these four questions
results in an affirmative answer, then the counterclaim is
compulsory.'"  Id. (quoting Tank Insulation).  Bryant vaguely
reasons that because all the claims at issue, his in this action
and those in the various other suits brought against him by
defendants herein, have their "genesis in the investigation and
related conduct regarding the 186th Refueling Wing," then they
arise out of the same transaction or occurrence.  That is plainly
not the case.  Bryant's claims in this case relate to defendants'
alleged acts of retaliation against him for having reported
alleged wrongdoing by them to the Inspector General.  The claims
brought against Bryant in the other lawsuits relate solely to
Bryant's alleged disclosure to the news media of the contents of
the Inspector General's report of the investigation of Bryant's
allegations against defendants.  The issues of fact and law raised
by these claims are not the same at all, and presentation of the
claims will involve substantially different evidence.  The inquiry
in Bryant's suit is whether the individual defendants took actions
against him in retaliation for his whistleblowing.  The question

6

in the latter cases is whether Bryant wrongfully disclosed private

information about defendants to the news media, a wholly different

inquiry.[2]   Given this, res judicata would not bar a subsequent

suit by defendants on their claims against Bryant.   Moreover,

contrary to plaintiff's suggestion, the subject claims are not

"logically related" merely because, no matter how far removed they

may have become, they can ultimately be traced back to a common

event.   The simple fact is, these are largely unrelated claims,

and hence not compulsory counterclaims.

    The same conclusion also leads the court to conclude that

consolidation of the other cases with this case is not warranted.

Rule 42 provides,

> When actions involving a common question of law or fact
> are pending before the court, it may order a joint
> hearing or trial of any or all the matters in issue in
> the actions; it may order all the actions consolidated;
> and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs or delay.

See also Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,

961 F.2d 1148, 1161 (5th Cir. 1992) ("Consolidating actions in a

district court is proper when the cases involve common questions

of law and fact and the district court finds that it would avoid

unnecessary costs or delay.").   As observed, while these cases may

---

    [2]   The court notes, as well, that in the cases brought by
Malta and Wilson, The Clarion Ledger and The Meridian Star are
also defendants, which, as Pierce notes in his response to the
motion to consolidate, "adds a completely different set of issues
and complexity to the suit."

present some common historical facts, they are otherwise entirely

separate and distinct from each other, and the court is not

persuaded that the limited commonality in the underlying facts

would result in any savings for any party or the court were the

cases to be consolidated.  The request for consolidation will be

denied.[3]

In addition to his compulsory counterclaim and consolidation

arguments, Bryant also contends in his motion that pursuant to the

authority granted it under the All Writs Act, and consistent with

the Anti-Injunction Act, this court should stay all litigation

brought by defendants herein against Bryant and should further

enjoin all the defendants herein from commencing any further

litigation against Bryant traceable, directly or indirectly, to

the investigation of the 186th Refueling Wing.  This request is

without merit.

As the Fifth Circuit recently explained,

> Together the All Writs Act and the Anti-Injunction Act
> govern whether it is proper for a federal court to
> enjoin pending state court litigation.  Under the All
> Writs Act, federal courts "may issue all writs necessary
> or appropriate in aid of their respective jurisdictions
> and agreeable to the usages and principles of law."  28
> U.S.C. § 1651.  This broad grant of authority is then
> limited by the Anti-Injunction Act, which bars a federal
> court from enjoining a proceeding in a state court
> unless that action is "expressly authorized by Acts of

---

[3]     It would perhaps be beneficial to consolidate the
federal court actions pending against Bryant for discovery
purposes, but such relief has not been requested, and this court
chooses not to order such consolidation sua sponte.

> Congress, or where necessary in aid of jurisdiction, or
> to protect or effectuate its judgments." 28 U.S.C. §
> 2238.  The All Writs Act contains the same language as
> the second of the three exceptions in the Anti-
> Injunction Act, and the parallel "necessary in aid of
> jurisdiction" language is construed similarly in both
> statutes.  <u>Newby v. Enron Corp.</u>, 302 F.3d 295, 301 (5th
> Cir. 2002).  Together the All Writs Act and the
> Anti-Injunction Act govern whether a district court can
> properly enjoin state court litigation pending at the
> time injunctive relief is requested.

<u>Newby v. Enron Corp.</u>, 338 F.3d 467, 473-74 (5th Cir. 2003).  Under

the Anti-Injunction Act, "state courts may be enjoined when

'necessary to prevent a state court from so interfering with a

federal court's consideration of disposition of a case as to

seriously impair the federal court's flexibility and authority to

decide that case.'" <u>Id</u>. (citing <u>In re Corrugated Container</u>

<u>Antitrust Litigation</u>, 659 F.2d 1332, 1334 (5th Cir. 1981), <u>quoting</u>

<u>Atlantic C.L.R.R. v. Brotherhood of Locomotive Engineers</u>, 398 U.S.

281, 295, 90 S. Ct. 1739, 1747, 26 L. Ed. 2d 234 (1970)).  Given

that the issues presented in the state court cases currently

pending against Bryant (and similar lawsuits that might be brought

by others of the defendants herein) have but a slight relationship

to the claims herein, this court's proceedings, and any resulting

decision in this case, would not be impaired in the least by the

continued prosecution of the state court lawsuits against Bryant.

    For all of these reasons, it is ordered that Bryant's motion

to stay all state court proceedings, for permanent injunction, to

consolidate all proceedings, and to stay all discovery pending

adjudications, is denied.

SO ORDERED this 31st day of May, 2006.

<u>/s/ Tom S. Lee</u>
UNITED STATES DISTRICT JUDGE