IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JOE H. BRYANT, JR.**                                                                                                 **PLAINTIFF**

**VS.**                                                                               **CIVIL ACTION NO. 3:05CV179LS**

**MILITARY DEPARTMENT OF THE STATE
OF MISSISSIPPI, FRANKLIN E. CHALK,
FREDERICK D. FEINSTEIN, ROY A. GRAHAM,
BILLY JOE GRESSETT, DONALD E. JONES,
LANGFORD L. KNIGHT, F. GREGORY MALTA,
WILLIAM F. PARTEN, ROBERT E. PIERCE,
ROGER E. SHIRLEY, CHARLES F. STEED,
AARON K. WILSON and THOMAS TEMPLE**                                     **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion for Protective Order and to Compel (which was originally found to be moot), Defendant Robert Earl Pierce's Motion to Compel and for Sanctions, and Defendant Pierce's Supplemental Motion to Compel and for Sanctions. The court has reviewed each of these motions, and notes that none has been accompanied by a properly executed Certificate of Good Faith, or the equivalent affidavit required by Unif. Local R. 37.1(A). The controversy at the heart of these motions, on the other hand, has spawned a letter-writing campaign of monumental proportion, in contravention of Unif. Local R. 7.2, which provides that all requests for relief addressed to the court shall be in the form of a motion.

The basis of all of these motions is the request for scheduling of depositions of the parties. The Plaintiff originally objected to appearing for a continuation of his deposition in this case, on grounds that he had been deposed past the seven hours permitted by Fed. R. Civ. P. 30(d)(2), because he had been deposed in this and two related actions. Before the court could rule on that Motion, Judge Lee entered an Order consolidating this case with the related matters. In the opinion of the

undersigned, that consolidation required that the depositions should be aggregated, making it clear that the Plaintiff had been deposed for over seven hours. Thus, the Motion for Protective Order was found to be moot, and an Order to that effect was entered.

Subsequent to that Order, Judge Lee vacated his earlier Order consolidating these cases. Pierce's Motion to Compel and for Sanctions followed. The Plaintiff did not timely respond to this Motion, except through letters from the parties requesting a status conference. Before the court could act on that request, Judge Lee denied a motion to stay or enjoin the related state court proceedings or consolidate them with this matter. Judge Lee later granted a Motion to Continue the trial of this case, leaving it to the undersigned to enter an amended Case Management Plan Order.

Although Judge Lee ultimately denied the request to consolidate these matters, he did note that a request to consolidate discovery might be favorably considered, although it had not been requested. A continuance having been granted, the court will consider such a request, provided it is submitted by the date set below. The court will also amend the Case Management Plan Order and set a schedule for the parties to follow in the remaining proceedings, after giving the parties an opportunity to notify the court of irreconcilable conflicts in such a schedule. The court intends to set this matter on the following schedule:

1. The trial of this matter will be held on the trial calendar that begins on February 5, 2007, and ends on February 16, 2007.

2. The pretrial conference will be held on January 15, 2007.

3. Discovery shall be completed by October 5, 2006.

4. The Plaintiff shall designate experts by July 5, 2006.

5. The Defendant shall designate experts by August 8, 2006.

6. The deadline for submitting motions, other than motions *in limine*, is October 23, 2006.

Since this amendment provides for an extended discovery period, the court will grant the Motions to Compel to the extent that the parties will be required, by a date certain, to establish a firm deposition schedule of the parties and to report that schedule to the court. The requests for sanctions will be denied, as both sides had legitimate reasons to be concerned about the status of discovery in this matter, given the pending motions.

Finally, the information sought by the court with regard to suggested scheduling is to be submitted in the form of a "Response to Court Order" that will be electronically filed in this record. The court will entertain no further letters or emails regarding this case. There will be no reply permitted to these Responses, which are to contain no argument. The court is also aware that attorneys for both sides have contacted the court's staff at various times on various matters. The only reason for future *ex parte* contact with the court's staff is to notify the court that expedited review is requested for a motion.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion for Protective Order, as well as Defendant Robert Earl Pierce's Motion to Compel and for Sanctions and his Supplemental Motion are hereby **granted** in part and **denied** in part, as follows:

1. Any motion for consolidation of the discovery in this case with any related cases pending in this court shall be submitted by June 26, 2006; any response to that motion shall be submitted by June 30, 2006, and any rebuttal shall be submitted by July 5, 2006.

2. On or before July 10, 2006, each party is to submit to the court any conflicts with regard to the amended Case Management Plan Order.

3. By July 17, 2006, the parties are to submit to the court a joint deposition schedule that includes the date, time, and place for each remaining deposition, which are to occur by the discovery deadline. If the parties cannot agree on such a schedule, the parties may submit individual proposed schedules, and the court will enter the most reasonable as a schedule for those depositions.

4. The requests for sanctions are denied. Further communications with the court shall be conducted in the manner described in the body of this Order.

IT IS SO ORDERED, this the 20th day of June, 2006.

                S/James C. Sumner
              UNITED STATES MAGISTRATE JUDGE