```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION


JOE R. BRYANT, JR.                                    PLAINTIFF


VS.                         CIVIL ACTION NO. 3:05CV179TSL-JCS


MILITARY DEPARTMENT OF THE
STATE OF MISSISSIPPI, ET AL.                         DEFENDANTS
```

ORDER

This cause is before the court on the motion by plaintiff Joe R. Bryant, Jr. for a negative inference instruction and two motions by defendants Langford L. Knight, F. Gregory Malta, William F. Parten, Robert E. Pierce, Roger E. Shirley, Charles F. Steed, Aaron K. Wilson, Thomas Temple, Leslie Wilkes, Franklin E. Chalk, Frederick D. Feinstein, Roy A. Graham, Billy Joe Gressett and Donald E. Jones for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. At the request of the parties, an evidentiary hearing was held on these motions and the court, having considered the memoranda of authorities submitted by the parties, along with the evidence adduced at the hearing, concludes that the motions of both plaintiff and defendants should be denied.

On April 2, 2007, while defendants' motion for summary judgment was pending, plaintiff Joe Bryant filed a motion urging the court to grant him an evidentiary hearing on whether he was entitled to a negative inference instruction at trial based on

what he alleged was intentional spoliation of evidence by defendants. Bryant, through counsel, stated he believed that in May 2005, defendants, or persons acting under their direction, broke into his truck while the truck was parked at a Holiday Inn in Memphis and stole his laptop computer and other items pertinent to this case. Bryant declared that, "[a]mazingly, during Bryant's deposition on January 11, 2005, in Pierce's ill-fated lawsuit against the United States Air Force, documents from Bryant's stolen computer were presented by Pierce's counsel," Mike Farrell, and that those same documents had "likewise been submitted by the Defendants in support of [their motion for summary judgment]" in this case.

Unsatisfied by defendants' counsel's explanation of how he had come to possess the documents, i.e., that he had received them in the mail anonymously, Bryant moved for an evidentiary hearing on his request for a negative inference instruction, suggesting it was "reasonable to deduce" that defendants had paid "for investigations of the Plaintiff and possibly even the break-in of Plaintiff's vehicle in Memphis." Plaintiff requested an evidentiary hearing, stating:

> Based on these facts and circumstances, including the removal of vital evidence from Plaintiff's vehicle in Memphis, Plaintiff Bryant would respectfully submit to the Court that, in the interests of justice and in an effort to determine the method and means by which such documents came to be in the possession of Pierce's counsel, that an evidentiary hearing into these circumstances he held, through the exercise of this Court inherent equitable authority.

2

> Should the Court then determine that the Defendants have indeed engaged in conduct resulting in the theft of Plaintiff's laptop computer and other documents and things contained in his file box, that this court then determine whether a negative inference jury instruction be made against the Defendants and whether their pending Motion for Summary Judgment should be denied as having been procured through such wrongful conduct.

Defendants responded to this request, advising that they "welcome[d] a hearing to prove the true facts, which are that they were not involved in the break-in and that plaintiff's counsel was specifically informed by Bryant and his lawyers over a year ago that the materials identified by plaintiff came anonymously in the mail."

By memorandum opinion and order dated July 17, 2007, the court granted in part and denied in part defendants' motion for summary judgment, and granted plaintiff's motion for an evidentiary hearing. Then, on July 31, 2007, defendants moved for sanctions against plaintiff's counsel, Paul Koerber, alleging that he lacked any factual basis for representing to the court that defendants and/or their counsel stole Bryant's laptop, used stolen emails or that the emails (admittedly received from an anonymous source) came from Bryant's laptop. In the motion for sanctions, defendants noted that in his deposition, Bryant expressed his personal belief that defendants had orchestrated the break-in of his truck and theft of his laptop, and that Wayne Ferrell, one of Bryant's attorneys, had written an email suggesting that defendants were responsible for the theft of plaintiff's laptop.

3

But defendants explained that their request for sanctions was directed against plaintiff's attorney Paul Koerber because,

> It is one thing for (1) a *party* (i.e., Jody Bryant) to make a baseless allegation as a personal opinion during a deposition or (2) for his counsel (Wayne Ferrell) to make the same allegation in private emails to counsel opposite.  It is a far more serious matter for a *counsel* make the same baseless representation in a pleading submitted to the Court. Mr. Koerber has crossed that line. His statements are beyond the pale.

The dispositive factual inquiry on both defendants' motion for sanctions and plaintiff's request for a negative inference instruction concerns the source of two particular documents which came to be possessed by counsel for defendants.  One is a May 19, 2003 email sent by plaintiff Bryant to Michael Bentley, a member of the staff of then Governor Ronnie Musgrove and copied to General James Lipscomb, who was then the Adjutant General of the Mississippi National Guard.  The other is a certain photograph that was created/doctored by plaintiff on his computer.  Plaintiff has insisted that the email documents in question could only have come from his personal laptop computer, which he reports was stolen, along with a box of documents pertinent to this case, when his truck was broken into at a Memphis hotel.  The photograph, he contends, was contained in the stolen box of documents.  Bryant contends that in light of this, and the fact that defendants are the only ones who would have had a motive to steal the laptop and

4

box of documents, it can reasonably be deduced that defendants orchestrated the break-in.[1]

For their part, defendants do not dispute that there was a break-in and that plaintiff's laptop and box of documents were stolen. They claim, though, that they had no involvement whatsoever in the break-in, and insist that plaintiff has no factual basis for alleging that they did. As for where they got the email documents, defendants' attorney, Mike Farrell, maintained from the first time these documents were presented as evidence in the case that he received them in the mail anonymously. At the commencement of the evidentiary hearing, Mr. Farrell disclosed that he had only recently learned that the email documents had been sent to him by Jim White. Jim White, in turn, explained how he came to possess the documents that he eventually sent anonymously to attorney Farrell. According to White, upon General Lipscomb's receiving the email from Bryant, he forwarded a copy to his senior leadership, including the commanders of the 172nd and the 186th, Colonel Blair Jernigan and Colonel Joe

---

[1] It is undisputed that in May 2005, two months after this lawsuit was filed, two black men broke into Bryant's vehicle while it was parked overnight at the Holiday Day Inn in Memphis, which is near his place of employment at FedEx. Indeed, the break-in was recorded on a hotel security video tape, which Bryant has produced. Plaintiff reports that the burglars took about $10,000 in items from the vehicle, including his laptop computer, some tape recorders, a headset, a plotter and a flashlight. Plaintiff does not contend that defendants broke into the vehicle or stole the items themselves; rather, he suggests that they paid the two black men for the break-in.

5

Spraggins, respectively. When Colonel White succeeded Jernigan in September 2003, he received from Colonel Jernigan a paper copy of the emails, along with a file full of documents in a locked cabinet. White testified that he sent a copy of the emails to Mr. Farrell on November 9, 2005 as he was leaving that command.[2]

The photograph at issue purports to depict Bryant and his wife, standing with Charles Scoggins and his wife, in front of a bus on which the words "Emmanual Tours – Praise Be to God" appear on the side. A handwritten note accompanying the photograph indicated the photograph was taken at the Pensacola NAS campground in Florida. Pierce testified that he received the photograph and note anonymously through the mail, and upon receiving them, promptly gave both to attorney Farrell. Plaintiff testified at the hearing that the photograph was not of a real event, but rather something he created on his computer by downloading a photograph of a bus from the internet, adding the "Emmanual Tours – Praise Be to God" on the side, and importing the image of him and his wife and the Scoggins couple from a real photo to make it appear that they were standing by the bus. Bryant testified that he and a friend created the photograph on his home computer; he made no copies of the photograph, and did not email it or otherwise send it to anyone. Bryant testified that the photograph

---

[2]   Bryant has moved to supplement the record with excerpts from White's deposition and exhibits from his deposition. The court will grant the motion to supplement.

6

was in the box of documents that was stolen from his truck in Memphis.

Having considered the parties' evidence and arguments, the court is simply not persuaded that Bryant has proven that defendants were responsible for the break-in of his truck and theft of his laptop and box of documents.  At the same time, however, the court is convinced that Bryant and his counsel both genuinely believed that defendants were responsible for the break-in and theft of the items from Bryant's truck, and the court is not persuaded that they were without at least some factual basis for this belief.  As for the email, until such time as Jim White testified at the hearing that he was the one who sent the email documents to Mr. Farrell and explained how he came into possession of those documents, plaintiff and his counsel could reasonably have believed that the documents came from his computer.[3] Moreover, given that defendants have no explanation for where the photograph came from, other than an anonymous source, plaintiff and his counsel could reasonably have surmised that defendants had something to do with the break-in of his truck.  Indeed, the confluence of Pierce's alleged receipt of the "Emmanuel Tours"

---

[3] As plaintiff has explained, his position is not that his email was not circulated to persons other than those to whom it was sent by him.  He acknowledged that it could have been forwarded to other persons.  His position was that the appearance of the specific copy of the email that turned up in Mr. Farrell's possession was such that it could only have come from his computer.

7

photograph from an anonymous source and Mr. Farrell's separate receipt of the email documents from an anonymous source, was certainly suspicious.  Thus, while the court concludes that plaintiff has not shown that a negative inference instruction is in order, the court cannot conclude that plaintiff or his counsel's allegations regarding defendants' involvement in the break-in and theft of documents warrant the imposition of sanctions.

Accordingly, it is ordered that plaintiff's request for negative inference instruction is denied, as is defendants' motion for sanctions.  It is further ordered that defendants' motion to supplement the record is granted.

SO ORDERED this 31st day of March, 2008.

                                     /s/ Tom S. Lee
                                     UNITED STATES DISTRICT JUDGE