IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE H. BRYANT, JR.                                                                    PLAINTIFF

VS.                                                        CAUSE NO.3:05cv179TSL

MILITARY DEPARTMENT OF THE
STATE OF MISSISSIPPI, By and Through
the Mississippi Air National Guard; FRANKLIN E.
CHALK, FREDERICK D. FEINSTEIN, ROY A.
GRAHAM, BILLY JOE GRESSETT, DONALD E.
JONES, LANGFORD L. KNIGHT, F. GREGORY
MALTA, WILLIAM F. PARTEN, ROBERT E.
PIERCE, ROGER E. SHIRLEY, CHARLES F. SPEED,
AARON K. WILSON, THOMAS TEMPLE and
LESLIE WILKS; and JOHN DOES 1-20                                   DEFENDANTS

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO
DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**

        COMES NOW, the Plaintiff, Joe H. Bryant, Jr., by and through counsel, and files

this his Response and Memorandum of Authorities in Opposition  to the Defendants'

Second Motion for Summary Judgment [Docket Nos. 313 and 314], as well as his

Response in Opposition to the Defendants' Motion for Leave [Docket No. 242], pursuant

to Rule 7(b) of the *Federal Rules of Civil Procedure* and Rule 7.2 of the *Uniform Local*

*Rules of the United States District Courts of the Northern and Southern Districts of*

*Mississippi*; and in support hereof would show unto the Court the following, to-wit:

**OVERVIEW**

        1.        On or about December 7, 2006, the Defendants, except Gregory Malta,

served, via mail, their Motion for Summary Judgment. [Docket No. 171.]  On July 17,

2007, this Court denied, in part, that Motion, and it granted the Plaintiff's Motion for an

Evidentiary Hearing. [Docket No. 235.]  At the outset, it should be noted that the

Defendants' Motion for Summary Judgement was their third attempt to have Plaintiff's

case dismissed. [*See* Docket Nos. 11, 12, 13, 14, and 46.]

2.      Now, after entry of the Court's Memorandum Opinion and Order of July 17,

2007, noted above, the Defendants then filed a fourth attempt to have the Plaintiff's case

dismissed with the present Motion for Leave for this Court to reconsider various aspects

of its ruling. [Docket No. 242.] This latest motion was admittedly filed by the Defendants,

so as to avoid the trial which was set in this matter. [Docket No. 242, page 2.]

3.      Moreover, the Motion for Leave was filed on September 7, 2007, some **fifty-**

**two (52) days** after issuance of this Court's Memorandum Opinion and Order of July 17,

2007.  While artfully crafted, the Motion for Leave is nothing more than a motion for

reconsideration or otherwise a motion to alter or amend the Court's July 17, 2007

decision.  That is, regardless of its label, any motion, that calls into question the

correctness of the Court's decision, is to be treated as a motion to alter or amend.  *Ford v.*

*Elsbury*, 32 F. 3d 931, 937 (5ᵗʰ Cir. 1994).

4.      In accordance with Rule 59(e) of the *Federal Rules of Civil Procedure*, such

a motion **must** be filed within **ten (10) days** of the Court's decision.  Succinctly, the

Defendants' motion is untimely.  It should therefore be summarily denied.

5.      Be that as it may, the Defendants' Motion for Leave still lacks in setting

forth the requirements of even a timely motion to alter or amend.  This Court has found

on many occasions, including in this very case, that only three reasons exist for such a

motion: (a) there has been an intervening change in the law; (b) there is newly available

evidence that was not previously available; and ( c ) there is a need to correct a clear error

of law or prevent manifest injustice.  *Bryant v. Military Dept., et al.*, United States

District Court for the Southern District of Mississippi; Civil Action No. 3:05CV179LN

(Order of Magistrate Judge Nicols, decided December 12, 2005)[Docket No. 85]; *Atkins*

*v. Marathon LeTourneau*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *Williams v. Mississippi*

*Action for Progress*, 824 F.Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC v. Cage*, 810 F.

Supp. 745, 747 (S.D. Miss. 1993).  *See also Pierce vs. Clarion Ledger*, United States

District Court for the Southern District of Mississippi; Civil Action No.

4:05CV75LN(order of Magistrate Judge Nicols, decided November 17, 2005).

   6.     These Defendants have failed to state any basis under this case authority for

their motion.  Indeed, the very case law cited by the Defendants was decided in 2002.

Therefore, there is no basis for a change in the law.  They likewise have not and cannot

argue that there is any new evidence to be represented.  Finally, there is no showing that

this Court erred in the application of the law, so as to prevent manifest injustice to the

Defendants.

   7.     The Defendants merely cite to the case of *BE&K Construction v. NLRB*, 536

U. S. 516 (2002) by indicating that this Court's applied *Bill Johnson's* in its decision of

July 17, 2007.  The Defendants **do not** argue that the Court was in error.  Rather, they

admittedly state that they did not present arguments they could have, when the aforesaid

Motion for Summary Judgment was briefed and submitted.  Yet, this Court ruled in detail

on these issues. [Docket No. 235, pages 18-20.] The Defendants **do not** challenge this

Court's analysis, much less show that there was clear error.  Indeed, the very analysis by

the Court is indeed wholly consistent with the *BE&K* decision, inasmuch as this Court

determined that there was objectively no reasonable basis for the unsuccessful, baseless

and retaliatory motivated slander suit these Defendants filed against the Plaintiff. [Docket

No. 235, page 20; *compare with* 536 U.S. 532-537.] At the very least, an issue of fact is

presented, such that summary judgment was not warranted on this claim.  Regardless, this

Court has already ruled on these issues, and just because the Defendants do not agree with

the Court's ruling, such is not a proper basis for reconsideration.  *Williams*, 824 F. Supp.

623-624.

8.      The only other argument advanced by the Defendants is that the trial of this

matter will be prolonged and extensive.  Clearly, this vague and conclusory argument of

Defendants is no basis for this Court wholly revisiting a judgment it has already made.

Indeed, the Defendants do not even recite any legal authority for this Court to entertain

their motion on such a basis.

9.       As indicated in *Atkins, supra*, emphasized that litigants considering such a

motion are "strongly cautioned" to carefully consider the three grounds for such a motion,

and "[w]hatever may be the purpose of Rule 59(e), it should not be supposed that it is

intended to give an unhappy litigant one additional chance to sway the judge." 130 F.R.D.

at 626.  Indeed, Judge Barbour went on to sanction the Defendants in that case for

bringing such a meritless motion. 130 F.R.D. at 626-627.

10.     Defendants now state that the Court has granted their Motion for Leave and have filed their Second Motion for Partial Summary Judgment, and they have alleged that all of the Defendants, save Pierce and Malta, should be dismissed from this action. However, the Plaintiff would specifically state and show unto the Court that other claims remain against the Defendants as a collective group, through their admitted conspiracy against the Plaintiff, all in violation of 42 U. S. C. Sections 1985 and 1986.

11.     Moreover, it is not just the focal spurious defamation case the Defendants, and all of them filed against the Plaintiff, multiple lawsuits have been filed against him solely in an effort to "shut him up."  Those suits include, but are not limited to, the following:

> (a) *Malta v. Riverstates Publishing, et al*; Civil Action No. 4:06CV11TSL;

> (b) *Malta v. Bryant, et al.*, in the Circuit Court of Lauderdale County,
>     Mississippi, Case No. 04CV262B;

> (c) *Pierce v. Bryant,* Civil Action No. 4:06CV6TSL*;*

> (d) *Wilson v. CNH Investments*, Civil Action No. 4:06CV12TSL;

> (e) *Chalk v. Bryant*, Civil Action No. 4:06CV13TSL;

(f) *Wilkes v. Bryant*, in the Circuit Court of Lauderdale County, Mississippi,

Case No. 05 CV 067;

(g) *Chalk, et al. v. Bryant*, in the Circuit Court of Lauderdale County,

Mississippi, Case No. 03CV094CR; and

(h) *Temple v. Bryant*, in the Circuit Court of Lauderdale County,

Mississippi, Case No. 04-CV-273B

As the Court will recall, the Plaintiff previously filed Motions to Stay the State Court

Proceedings and to Consolidate all of the cases for, at least, discovery purposes in the

case *sub judice*.  After initially granting the Motions, due principally to the Defendants'

failure to respond, the Court denied the Motions.  Thus, although he has brought this one

suit against the Defendants for the claims and causes of action set forth herein, the

Plaintiff has endured defending against at least eight (8) different lawsuits, which are all

meritless.  Of all of these suits filed against him only three (3) remain pending.  *All of the*

*others have been dismissed with prejudice.*

## DEFENDANTS' "SECOND" MOTION FOR PARTIAL SUMMARY JUDGMENT

The Defendants, with the exclusion of Defendant Malta (who has not filed a

dispositive motion), seek another bit at the proverbial apple of dismissal.[1]  The Motion

---

[1] While stating that this Court may assume that Plaintiff Bryant was acting in
furtherance of his performance of duties as a federal official and while they admit that the
Court may consider the basis of the lawsuit filed against Bryant as being motivated by
retaliation, the Defendants then seek to renege on this proffer to the Court and question

principally focuses on dismissal regarding the defamation lawsuit that was filed in state court against Mr. Bryant; however, multiple other bases exist for pursuance of claims against all of the Defendants, including claims that none of their previous motions even address.  These claims and causes of action exist and remain against all of the Defendants, according to the Counts set forth in the Amended Complaint:

(a)     Whether Defendants conspired to retaliated against the Plaintiff in violation of 42 U. S. C. Sections 1985 and 1986, inasmuch as the Defendants violated the Plaintiff's right of freedom of speech under the First Amendment to the United States Constitution;

(b)     Whether Plaintiff's complaints were motivating factors in the Defendants' conduct against the Plaintiff;

(c)     Whether the Defendants formed and/or participated in a civil conspiracy to cause harm to the Plaintiff and/or to otherwise violate 42 U. S. C. Sections 1985 and 1986, inasmuch as the Defendants violated the Plaintiff's right of freedom of speech under the First Amendment to the United States Constitution;

(d)     Whether Defendants engaged in the intentional infliction of mental and emotional distress upon the Plaintiff;

---

these basis.  As for the first issue, this Court has already found that Mr. Bryant was a federal official in reporting such malfeasance to the appropriate military authorities. {Docket No. 235, p. 14 fntn. 4, and 15.] Moreover, Defendants Chalk and Malta have testified extensively that it is indeed the duty of an officer of the military to bring such matters to the attention of appropriate military personnel.  As for the second issue, the Defendants, and each of them, have admitted that the suit was brought to "shut Mr. Bryant Up," including the derogatory names used by Defendant Feinstein to exhibit such hatred toward Bryant.

(e)     Whether Defendants engaged in the negligent infliction of mental and emotional distress upon the Plaintiff;

(f)     Whether the Defendants wrongfully and intentionally interfered with Plaintiff's advantageous and contractual relationship with his employer FedEx and with his privilege as a flight pilot and transportation employee; and

(g)     Whether the Defendants wrongfully engaged in defaming the Plaintiff by portraying him in a false light.

In addition to the above causes of action stated in the Counts of the Amended Complaint, issues remain regarding whether the Plaintiff is entitled to compensatory and punitive damages, as well as prejudgment and post-judgment interest, attorneys fees, costs and expenses.

Subsumed within these stated legal theories of recovery, the Plaintiff maintains that the following factual claims remain against the Defendants, as set forth in the Amended Complaint and raised throughout the discovery phase of this case (as was specifically reserved in the Amended Complaint and presented to the Court during consideration of both the Motions for Summary Judgment and the Motion for an Evidentiary Hearing regarding the negative inference instruction):

1.  That Defendant Malta accosted the Plaintiff and threatened the continuation of his job at FEDEX, his career in the MSANG, and his pilot's license with the Federal Aviation Administration (FAA).

2.  That, on April 6, 2000, Plaintiff was subjected to assignment to a "storeroom" and was ridiculed by certain Defendants, including, but not limited to, Chalk and Malta.

3.  That, in or about early April 2000, Plaintiff met with Defendants Temple and

Malta at the law offices of Bordeaux and Jones in Meridian, Mississippi, where

Defendant Malta worked as an attorney.  At the meeting on or about April 18, 2000,

Plaintiff was threatened by Defendants Temple and Malta, with respect to signing

paperwork associated with his dismissal from the MSANG.  Plaintiff refused.

4.  That, as a result of the Plaintiff's protected communications with Adjutant

General David Lipscomb and the Inspector General's investigators, Bertholf and

Emanuel, and other investigative personnel, and as a result of the ensuing investigation,

the Defendants, and each of them, systematically engaged and continue to engage in

threats and other intimidation tactics, against the Plaintiff, specifically for his having

communicated such wrongful conduct to the Inspector General and his personnel.

5.  That the Defendants engaged in the filing of frivolous lawsuits and abusing the

process[2] of the courts of the State of Mississippi by each of the Defendants, against the

Plaintiff and an appointed investigator of the Inspector General's office, David Bertholf,

solely in an effort to harass and intimidate the Plaintiff, inasmuch as no legal or factual

basis exists for the litigation.  Indeed, such frivolous and meritless  lawsuits continued to

---

[2]  This claim of abuse of process of the courts remains as a claim as well against
all of the Defendants, although based on a pendent state law claim that has never been
addressed by the Defendants in their multiple dispositive motions.  Such a claim, though
different in analysis from the claims under Sections 1985 and 1986, simply concern three
(3) elements that the Defendants (1) made an illegal use of legal process, (2) the
defendants had ulterior motives in using such process, and (3) damage resulted from the
perverted use of such process. *See Ayles vs. Allen*, 907 So. 2d 300 (Miss. 2005); *Aikens
vs. CIT Group/Sales Financing*, – F. Supp. 3d – (S.D. Miss. 2007)(Judge Starrett's
decision finding such a claim in Civil Action No. 2:06cv164KS-MTP).

be filed by each of the individual Defendants herein.  These aforesaid lawsuits include the

defamation case regarding the radio program, which was styled, "Chalk, *et al.* vs. Bryant

and Bertholf."[3]  Other lawsuits include, "Temple vs. Bryant;" "Wilks vs. Bryant;" and

"Pierce vs. Bryant," which all remain pending in state court.  Still further lawsuits that

have been dismissed include three lawsuits brought by Defendant Malta against Plaintiff

Bryant and the cases of "Chalk vs. Bryant;" and "Wilson vs. Bryant."[4]

6.  That on or about November 14, 2003, Defendant Pierce wrote to the FAA in a

conspicuous effort to have Plaintiff's license revoked.  In doing so, Pierce provided the

FAA with falsified medical information concerning the Plaintiff, in a specific effort to

likewise cause Plaintiff to lose his job with FEDEX.  Inasmuch as Plaintiff's physician

has verified the falsity of Pierce's report and demanded that Pierce retract such assertions,

Plaintiff fortunately has retained his employment with FEDEX, but he suffered certain

pecuniary losses.

7.  That additional communication has been instigated by the Defendants, and each

of them, so as to attempt interference with Plaintiff's employment with FEDEX.  Included

in such attempts are false and defamatory statements by the Defendants, and each of

them, all intended to obtain revocation of Plaintiff's pilot license with the FAA, to invoke

---

[3]  The Plaintiff hereby advises the Court that on April 22, 2008, the Mississippi
Court of Appeals has denied the motion of the Defendants (in the case *sub judice*) for a
rehearing, such that the dismissal of this defamation case has been further affirmed.

[4]  This Court may recall that these lawsuits were removed to this Court, and
Plaintiff sought a stay of those proceedings.  While the Court denied the stay relief, the
cases were ultimately dismissed.

the investigative authority of the Transportation Safety Administration (TSA) of the

Department of Homeland Security of the United States, and to obtain Plaintiff's

termination from his regular employment with FEDEX.

8.  That Defendants' acts of vandalism and malicious mischief include the cutting

of the gasoline line to Plaintiff's wife's vehicle, which occurred on or about March 8,

2004.

9.  That other acts of violence, threats, intimidation and harm, as will be

established at the trial of this matter, and as may be further established during the

discovery phase of these proceedings, include the taking of documents and items from

Plaintiff's computer bag during the trial before Judge Gunn, the break-in of Plaintiff's

truck while parked at a Memphis hotel, and the break-ins to his truck through the use of

keys obtained by the Defendants, as well as the items and documents taken during these

occasions, which include the Plaintiff's laptop, e-mails, photographs (including the

"Emanuel Tours" photo), the above referenced card sent to Nancy Meyers.

Further, as the Court will recall, the Defendants, and all of them, acted by, through

and in conjunction with the association they formed and which they named as the

"Concerned Guardsmen of Mississippi."  The existence of this organization was only

brought to light during the discovery phase of this case, specifically from the deposition

testimony of Defendant Malta, and later the depositions taken of other Defendants and

their cohort, James White.   This very organization is the essence of the civil conspiracy

charges brought in this action.  As established during the evidentiary hearing, in

testimony from Defendant Feinstein and the Defendants' cohort, James White, the very

purpose of the organization was to attack the Plaintiff and "shut him up."

In their latest Motion for Partial Summary Judgment, the Defendants spend much of their supporting memorandum discussing events which have no relation to the case at hand. For instance, much of the memorandum address other publicity that was made with respect to the 186th Refueling Wing at Key Field in Meridian and in an unrelated case against Defendant Pierce. [See Docket No. 314; Defendant Memorandum, pages 7-9.] They appear to offer this recitation as some sort of explanation for having filed their suit. That said, extensive testimony has already been submitted to this Court that the *sole* purpose in filing the lawsuits was to "shut him up,"including the derogatory name used by Defendant Feinstein. [See Exhibits 7, p. 33-34; Ex. 2, p. 120; Ex. 8, p. 14.] Despite their purportedly being "upset," none of the Defendants were named on the subject radio program and none of them stated that they had experienced *any* damages proximately caused by the radio program. [See Exhibits 18, 7, p. 33-34; Ex. 2, p. 110-115, 120; Ex. 8, p. 14.]

Defendant Malta even admitted that the "Concerned Guardsmen" group was organized to bring such a suit against Bryant, which he drafted.

The Defendants argue that the filing of the case should be judged on the basis they purportedly had an *objectively reasonable basis* for filing the case, under language of *BE&K Construction vs. NLRB*, 536 U.S. 516, 122 S. Ct. 2390 (2002). At this juncture, the obvious must be stated that *BE&K* and its analysis may be considered inapplicable, since it was rendered in realm of employer law. The only other basis found for application of such legal tenets is with respect to sham antitrust cases. *See Professional*

*Real Estate Investors, Inc. Vs. Columbia Pictures Industries, Inc.*, 508 U. S. 49 (1993) Be

that as it may, this Court has already made the same analysis in its July 17, 2007

Memorandum Opinion and Order. [Docket No. 235.]

This Court specifically considered the Defendants same argument that the filing of

that suit was "reasonable." [Docket No. 235, page 19.] The Court then specifically

considered the aspects of the defamation claims *objectively* and determined that it could

not find the defamation claims "meritorious or well-founded." [Docket No. 235, page 20.]

Ultimately, *genuine issues of material fact exist.*   Thus, a question of fact exists for

which the trier of fact must give consideration.  Such is the essence of Rule 56.

Without belaboring this matter any further and incorporating the previous filings in

response to the Defendants' other numerous dispositive motions, the Plaintiff would

simply state that all of the matters submitted to the Court in this latest round of filing

neither (a) disposes of all of the claims against all of the defendants, nor (b) presents

dismissal as a matter of law, such that questions or fact exist for the jury to consider at the

trial of this matter.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Joe H. Bryant, Jr., by

and through counsel, respectfully moves the Court to deny the Defendants' Motion for

Leave and the subsequent Second Motion for Summary Judgment.  Plaintiff prays for

such other relief, either general or specific, as the Court may deem appropriate

RESPECTFULLY submitted this the 28th day of April, 2008.

JOE H. BRYANT, JR., PLAINTIFF

BY:  s/ Paul A. Koerber

Paul A. Koerber, Attorney

Paul A. Koerber, MSB#4239
Attorney at Law
Post Office Box 12805
Jackson, MS   39236-2805
Telephone: 601-933-2048
Facsimile: 601-933-2050

## CERTIFICATE OF SERVICE

I, Paul A. Koerber, do hereby certify that I have this day, via electronic filing,  a true and correct copy of the above and foregoing Response and Memorandum of Authorities in Opposition  to Defendants' Motion for Leave and Second Motion for Summary Judgment, has been sent to the following:

Greg Malta
Malta Law Firm
1906 West Alabama
Houston, Texas 77098

Mike Farrell, Esq.
Young Williams, P.A.
P.O. Box 23059
Jackson, MS 39225-3059

SO CERTIFIED this the 28th day of April, 2008.

 s/Paul A. Koerber
Paul A. Koerber