UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JOE H. BRYANT                                             PLAINTIFF


VS.                            CIVIL ACTION NO. 3:05CV179TSL-JCS


MISSISSIPPI MILITARY DEPARTMENT,
ET AL.                                                   DEFENDANTS

MEMORANDUM OPINION AND ORDER

With leave of court, defendants have filed and there is now
pending before the court for consideration a second motion for
summary judgment filed by defendants Franklin E. Chalk, Frederick
D. Feinstein, Roy A. Graham, Billy Joe Gressett, Donald E. Jones,
Langford L. Knight, William F. Parten, Robert E. Pierce, Roger E.
Shirley, Charles F. Steed, Aaron K. Wilson and Thomas Temple.
Plaintiff Joe H. Bryant has responded to the motion and the court,
having considered the memoranda of authorities submitted by the
parties, along with other pertinent authorities, concludes that
the motion should be granted.

Plaintiff filed this action alleging claims under federal and
state law based on allegations that defendants engaged in conduct
amounting to threats, intimidation and violence against him in
retaliation for his having made allegations of misconduct by
members (including defendants) of the 186th Refueling Wing of the

Mississippi Air National Guard.[1]  Previously in this cause, all defendants (other than Greg Malta) moved collectively for summary judgment on all plaintiff's claims, including his claim or claims based on allegations that defendants retaliated against him for his whistleblowing activities by, among other things, initiating frivolous litigation against him.  At the time of that motion, defendants were under the impression that this claim related solely to a June 3, 2003 slander suit they had filed against Bryant in state court based on comments he had made during a radio talk show.[2]  They argued that under the reasoning of <u>Bill</u>

---

[1]    Plaintiff had undertaken to assert these claims under the Military Whistleblower Act, the Mississippi Whistleblower Act, 42 U.S.C. § 1983, or 42 U.S.C. § 1985, and 42 U.S.C. § 1986.  This court held in its opinion on defendants' prior summary judgment motion that as a matter of law, plaintiff's retaliation claim was only cognizable, and then only if factually sustainable, under § 1986 and § 1985(1), which prohibits conspiracies to interfere with a federal officer in the performance of his duties or to injure him on account of his lawful discharge of the duties of his office.  The remaining claims were dismissed.  <u>See</u> <u>Bryant v.</u> <u>Mississippi Military Dept., et al.</u>, No. 3:05CV179TSL-JCS (S.D. Miss. July 17, 2007).

[2]    In fact, plaintiff has since clarified that his claim is based not just on "the focal spurious defamation case the Defendants, and all of them filed against the Plaintiff," but on "multiple lawsuits" defendants have filed against him "solely in an effort to 'shut him up.'" These include the following: <u>Pierce v. Bryant</u>, No. 4:06CV6TSL (S.D. Miss.); <u>Malta v. Riverstates Pub. et al</u>; No. 4:06CV11TSL (S.D. Miss.); <u>Wilson v. CNH Investments</u>, No. 4:06CV12 TSL (S.D. Miss.); <u>Chalk v. Bryant</u>, No. 4:06VC13TSL (S.D. Miss.); <u>Wilkes v. Bryant</u>, Case No. 05CV067 (Cir. Ct. Lauderdale Cty., MS); <u>Temple v. Bryant</u>, Case No. 04CV273B (Cir. Ct. Lauderdale Cty, MS); and <u>Malta v. Bryant</u>, Case No. 04CV262B (Cir. Ct. Lauderdale Cty., MS).  Although not previously addressed in connection with this claim, these additional lawsuits are considered herein.

2

Johnson's Restaurants v. NLRB, 461 U.S. 731, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983), a case decided in the context of what they contended was "the analogous situation under the National Labor Relations Act, 29 U.S.C. § 141, et seq., which has a retaliation provision," they could not be held liable for retaliation if they had a reasonable factual basis for the suit.  Citing Bill Johnson's Restaurants, defendants claimed they were entitled to summary judgment because, even assuming they had a retaliatory motive for filing that slander lawsuit(s) against Bryant, "the filing of a meritorious suit is not an actionable act of retaliation."[3]  They maintained that since they had "a reasonable

---

[3]     The slander suit was based on comments by Bryant during a May 2003 radio talk show, in which he stated the following:
    There are some disgusting officers . . . in leadership positions.  There's about 10 to 12 more people that need to be admonished. [T]here's more [than] 60 or 100 charges against . . . 10 to 15 people [yet to come] . . . . [T]he entire leadership structure is corrupt.  I'm after the chief NCOs and the lieutenant colonels and above that have got blood on their hands in this action.  All I want is leadership change.  I'm not going to stop until we've had a leadership change. . . I'm going to be relentless. . .  General Lipscomb and  General Cross . . . [are] examples of failed leadership.  We have allowed a mafia-type system to grow in the leadership.
Following these comments, defendants, other than Wilkes and Temple, filed suit in state court for slander based on Bryant's statements.  In their complaint, defendants did not identify his specific comments, but merely recited:
    Statements made and published by the Defendants as described herein above slander the good name and reputation of each of the Plaintiffs, expressly or impliedly, causing injury to the said Plaintiffs for which each should be permitted to recover.
The Circuit Court found the allegations insufficiently specific, and gave defendants an opportunity to amend to include more

basis (in fact and in law) to file the (slander) suit," they could
not be held liable for retaliation.  This court denied defendants'
motion for summary judgment, explaining it could not simply assume
that defendants had a reasonable basis for bringing the action.
See Bryant v. Miss. Military Dept., Civil Action No. 3:05CV179TSL-
JCS, at 20 (S.D. Miss. July 17, 2007).[4]

Defendants have now filed a second motion for summary
judgment, arguing that the applicable analysis is not that which
is set forth in Bill Johnson's Restaurants v. NLRB, which would
require defendants to show that their lawsuits were meritorious,
but rather, that enunciated in BE & K Construction Co. v. NLRB,
536 U.S. 516, 122 S. Ct. 2390, 153 L. Ed. 2d 499 (2002), under
which the plaintiff, to succeed on his claim, would have to show
that defendants' lawsuits against him were not "objectively
baseless."  Having further considered the issue, the court is of
the opinion that the "objectively baseless" standard is
applicable; the court is further of the opinion that plaintiff has

---

specificity as to which statements they alleged to be slanderous,
information as to how the statements were slanderous and to whom
the statements were directed.  However, when they failed to timely
amend their complaint, the court dismissed the case; the
Mississippi Court of Appeals affirmed that decision.  See Chalk v.
Bertholf, 980 So. 2d 290, 293 (Miss. Ct. App. 2007).

[4]    Contrary to plaintiff's claimed understanding, this
court did not "determine[] that there was objectively no
reasonable basis for the unsuccessful, baseless and retaliatory
motivated slander suit these Defendants filed against the
Plaintiff."  The court held only that it could not assume there
was a reasonable basis for the suit.

not shown (nor for that matter undertaken to show) that
defendants' lawsuits were objectively baseless.  Therefore, the
court will vacate its earlier opinion on the issue and enter
summary judgment for defendants.

Plaintiff has claimed in this action that defendants' slander
lawsuit, and a number of other lawsuits filed against him by
individual defendants,[5] were filed in retaliation for his
whistleblowing activities.  Defendants' motion is grounded on the
principle that the First Amendment protects an individual's right
of access to the courts.  The right to petition the government
contained in the First Amendment protects the right of plaintiffs
to file certain suits.  See BE & K Constr. Co. v. NLRB, 536 U.S.
516, 525, 122 S. Ct. 2390, 2396, 153 L. Ed. 2d 499 (2002); Cal.
Motor Trans. Co. v. Trucking Unlimited, 404 U.S. 508, 510-11, 92
S. Ct. 609, 30 L. Ed. 2d 642 (1972).  Defendants recognize that
this right is not absolute, and that the Supreme Court has held in
labor and antitrust contexts that "sham" suits can lead to civil
liability if those suits "were both objectively baseless *and*
subjectively motivated by an unlawful purpose."  BE&K Constr. Co.,
536 U.S. at 531, 122 S. Ct. at 2399 (citing Bill Johnson's Rests.,
Inc., v. NLRB, 461 U.S. 731, 103 S. Ct. 2161, 76 L. Ed. 2d 277
(1983), and Prof'l Real Estate Investors, Inc. v. Columbia
Pictures Indus., Inc., 508 U.S. 49, 113 S. Ct. 1920, 123 L. Ed. 2d

---

[5]     See *supra* note 2.

5

611 (1993)).  <u>See also</u> <u>Dixon v. International Broth. of Police</u>
<u>Officers</u>, 504 F.3d 73, 86 (1st Cir. 2007).  Defendants argue,
correctly in the court's view, that there is no reason these same
principles would not also apply in the present context, where
plaintiff seeks to hold defendants liable for exercising their
First Amendment right to initiate litigation.  <u>See</u> <u>Sosa v.</u>
<u>DIRECTV, Inc.</u>, 437 F.3d 923, 931 (9th Cir. 2006) ("[W]e conclude
that the *Noerr-Pennington* doctrine[6] stands for a generic rule of
statutory construction, applicable to any statutory interpretation
that could implicate the rights protected by the Petition
Clause.") (citing <u>White v. Lee</u>, 227 F.3d 1214, 1231 (9th Cir.
2000) (holding, before <u>BE & K</u>, that because it "is based on and
implements the First Amendment right to petition," the
*Noerr-Pennington* doctrine is not limited to the antitrust context,
but "applies equally in all contexts"); <u>Zemenco, Inc. v.</u>
<u>Developers Diversified Realty Corp.</u>, No. Civ. A. 03-175, 2005 WL
2545303, at 9 (W.D. Pa. Oct. 7, 2005) (noting that prior Third
Circuit precedent gave no indication that "this principle of First

---

6    The *Noerr-Pennington* doctrine, which has its origins in
two U.S. Supreme Court cases, <u>Eastern Railroad Presidents</u>
<u>Conference v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127, 81 S. Ct.
523, 5 L. Ed. 2d 464 (1961) and <u>United Mine Workers of America v.</u>
<u>Pennington</u>, 381 U.S. 657, 85 S. Ct. 1585, 14 L. Ed. 2d 626 (1965),
is grounded in the First Amendment right to petition the
government and provides that parties who petition the government
for governmental action favorable to them cannot be prosecuted
under the antitrust laws even though their petitions are motivated
by anticompetitive intent.

Amendment immunity was not meant to have general

applicability....") (citing <u>Barnes Foundation v. Township of Lower</u>

<u>Merion</u>, 242 F.3d 151, 160 (3d Cir. 2001).  Defendants further

submit that since plaintiff has not and cannot show that

defendants' slander lawsuit, or any of the other cases brought by

one or more of them, was "objectively baseless," then plaintiff

cannot prevail on his claim against them.

To lose the protection afforded by the First Amendment, "the

lawsuit must be objectively baseless in the sense that no

reasonable litigant could realistically expect success on the

merits."  <u>Prof'l Real Estate Investors, Inc. v. Columbia Pictures</u>

<u>Indus., Inc.</u>, 508 U.S. 49, 59, 113 S. Ct. 1920, 1928, 123 L. Ed.

2d 611 (1993).  "If an objective litigant could conclude that the

suit is reasonably calculated to elicit a favorable outcome," the

suit is immunized and plaintiff's retaliation claim cannot

succeed.  <u>See</u> <u>id</u>.  <u>See also</u> <u>A Fisherman's Best, Inc. v.</u>

<u>Recreational Fishing Alliance</u>, 310 F.3d 183, 191 (4th Cr. 2002)

("The existence of probable cause to institute legal or

administrative action precludes a finding that an antitrust

defendant has engaged in sham litigation.  The necessary probable

cause requires no more than a reasonable belief that there is a

chance that a claim may be held valid upon adjudication.") (citing

<u>Prof'l Real Estate Investors</u>).

In short, defendants had a right to file their lawsuits, (even if their motive was retaliatory) and their suits are protected by the First Amendment, regardless of whether they were successful on the merits, unless plaintiff shows that their lawsuits were objectively baseless.  And here, plaintiff has not shown that any litigation brought against him by defendants was "objectively baseless."  In his memoranda, plaintiff does refer generally to "frivolous litigation" by defendants, and identifies the slander suit in particular as "frivolous" and "meritless." Yet the principal focus of his argument and proof has been on defendants' subjective intent in bringing the lawsuits, not on whether they had a basis for bringing them.  In fact, so far as the court can determine, plaintiff's only substantive argument, as contrasted with conclusory characterizations, relates to the slander suit, as to which he argues only that "[d]espite their purportedly being 'upset,' none of the Defendants were named on the subject radio program and none of them stated that they had experienced any damages proximately caused by the radio program." However, that lawsuit cannot fairly be said to have been "objectively baseless" solely because plaintiff did not identify any of the defendants by name in the radio talk show.  Defendants could reasonably have taken the position that listeners would have known plaintiff's comments were directed against them notwithstanding that he did not use their names.  Moreover, there

is obviously no merit to plaintiff's suggestion that defendants' suit was "objectively baseless" because defendants did not allege they had experienced any damages as a proximate result of plaintiff's comments.  Plaintiff does not deny that his statements in the talk show were disparaging of the "leadership" at the 186th, and he does not dispute defendants' assertion that they considered that his statements slandered them.  In short, plaintiff has not shown that defendants' slander suit against him was "objectively baseless."

Plaintiff has made no effort to show that any other allegedly "frivolous litigation" brought by the moving defendants was objectively baseless, and the evidence before the court shows that it was not.  Among the lawsuits which Bryant claims were retaliatory are two separate suits for malicious prosecution brought by defendants Temple and Wilkes stemming from a confrontation between them and Bryant at the Moose Lodge. Following the Moose Lodge incident, Bryant initiated criminal charges for assault and battery against Wilkes and Temple.  Those charges were ultimately dismissed, following which Wilkes and Temple sued Bryant for malicious prosecution.  Bryant has not and cannot show that those suits were objectively baseless.

Bryant has identified four other allegedly retaliatory lawsuits, brought against him by defendants Malta, Pierce, Chalk and Wilson for invasion of privacy.  The events leading to those

9

lawsuits is not disputed.  Following a second investigation by the
Air Force Inspector General's (IG) office, Bryant received from
the IG's office a letter/summary report of its findings.
Although the letter recited that it was protected by the Privacy
Act and that Bryant should not disclose it but rather should
destroy it or return it, Bryant caused it to be delivered to the
*Meridian Star* and the *Clarion Ledger*.  The *Meridian Star* published
the names of Malta, Wilson, Pierce, Chalk and others and
identified allegations that had been substantiated against them.
Based on Bryant's alleged disclosure of the IG's report to the
media, defendants Pierce, Wison, Chalk and Malta separately sued
Bryant for invasion of privacy.  One could not reasonably conclude
that these lawsuits were objectively baseless.

Because plaintiff has offered no evidence to show that
defendants' lawsuits against him were "objectively baseless,"
defendants are entitled to summary judgment.  See A Fisherman's
Best, Inc., 310 F.3d at 192 (affirming dismissal where "[the
plaintiff] did not present sufficient evidence to show that [the
defendant's] attempt to change the City's longlining policy for
the Maritime Center was objectively baseless"); Frosty Bites, Inc.
v. Dippin' Dots, Inc., No. 3-01-CV-1532-M, 2003 WL 21196247, at 8
(N.D. Tex. 2003) (granting summary judgment on defendant's
counterclaim where it failed to bring forth specific evidence to
show that the plaintiff had no reasonable ground for bringing the

suit).  In the absence of such proof, the court must conclude that defendants had a right to bring those suits and can incur no liability, regardless of their subjective motivation in filing the suits.  See Prof'l Real Estate Investors, 508 U.S. at 59, 113 S. Ct. 1920, 1928 ("Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.").

In addition to defendants' motion for summary judgment, the parties have sought clarification from the court as to the claims that remain pending, as the parties have different views of this issue.  Having reviewed the record and prior rulings, the court would state the following.

First, plaintiff has no pending claim for relief based on his allegation that defendants (or some of them) orchestrated a break-in of his vehicle in Memphis.  The record reflects that in connection with defendants' previous summary judgment motion, plaintiff moved for an evidentiary hearing regarding spoliation of evidence and propriety of a negative inference instruction based on an allegation that defendants, or persons acting under their direction, broke into Bryant's truck in May of 2005 while the truck was parked at a Holiday Inn in Memphis and stole his laptop computer and other items pertinent to this case.  Defendants advised they would welcome a hearing, so they could prove they were not involved in the break-in.  By memorandum opinion and

11

order dated July 17, 2007, the court granted in part and denied in part defendants' motion for summary judgment, and granted plaintiff's motion for an evidentiary hearing.  Thereafter, on July 31, 2007, defendants moved for sanctions against plaintiff's counsel, Paul Koerber, alleging that he lacked any factual basis for representing to the court that defendants and/or their counsel stole Bryant's laptop, used stolen emails or that the emails (admittedly received from an anonymous source) came from Bryant's laptop.

In an order entered following the hearing, the court wrote that it was "simply not persuaded that Bryant has proven that defendants were responsible for the break-in of his truck and theft of his laptop and box of documents." Bryant v. Mississippi Military Dept., No. 3:05CV179TSL-JCS, at 7 (S.D. Miss. March 31, 2008).  However, the court further indicated it was "convinced that Bryant and his counsel both genuinely believed that defendants were responsible for the break-in and theft of the items from Bryant's truck," and was not persuaded that they were totally lacking in some factual basis for this belief. Id. at 8. Unfortunately, the court failed to also specifically set forth its conclusion that defendants were entitled to summary judgment on this claim because plaintiff could not prove by a preponderance of the evidence that defendants were responsible for the alleged break-in.  The court's conclusion that plaintiff was not without

12

*some* factual basis for believing defendants were involved in the break-in was intended only to explain the court's declination to impose sanctions, and was not intended to suggest that plaintiff had produced sufficient evidence to create a genuine issue of material fact on this claim. The court would now clarify its conclusion that the evidence, viewed in the light most favorable to plaintiff, does not support a finding from a preponderance of the evidence that defendants caused the break-in of Bryant's vehicle.

In his response to defendants' second summary judgment motion and in correspondence to the court, plaintiff states that he still has the following "legal causes of action" against all of the Defendants:

> (a) Whether Defendants conspired to retaliated against the Plaintiff in violation of 42 U.S.C. Sections 1985 and 1986, inasmuch as the Defendants violated the Plaintiff's right of freedom of speech under the First Amendment to the United States Constitution;
> (b) Whether Plaintiff's complaints were motivating factors in the Defendants' conduct against the Plaintiff;
> (c) Whether the Defendants formed and/or participated in a civil conspiracy to cause harm to the Plaintiff and/or to otherwise violate 42 U.S.C. Sections 1985 and 1986, inasmuch as the Defendants violated the Plaintiff's right of freedom of speech under the First Amendment to the United States Constitution;
> (d) Whether Defendants engaged in the intentional infliction of mental and emotional distress upon the Plaintiff;
> (e) Whether Defendants engaged in the negligent infliction of mental and emotional distress upon the Plaintiff;
> (f) Whether the Defendants wrongfully and intentionally interfered with Plaintiff's advantageous and contractual

13

>relationship with his employer FedEx and with his
>privilege as a flight pilot and transportation employee;
>and
>(g) Whether the Defendants wrongfully engaged in
>defaming the Plaintiff by portraying him in a false
>light.

Plaintiff then declares that "[s]ubsumed within these stated legal theories of recovery," there remain a number of "factual claims" against the defendants, which he proceeds to list for the court.

Among those "factual issues" is plaintiff's allegation that defendants cut the gasoline line to plaintiff's wife's vehicle on March 8, 2004.  In that part of its opinion on defendants' previous motion for summary judgment in which the court addressed plaintiff's allegations that defendants committed certain acts of vandalism and malicious mischief, the court failed to include this alleged misdeed in the list of acts of vandalism alleged by plaintiff and as a result, failed through oversight and inadvertence to grant summary judgment on this claim.  Defendants did move for summary judgment on this claim, and as with the other acts of vandalism alleged by plaintiff, he has no proof that any defendant was involved in this alleged incident.  Summary judgment will therefore be granted on this claim, as well.

Plaintiff also seeks clarification of the court's ruling, or failure to rule, regarding allegations that one or more of the defendants pilfered his computer bag during a lunch break in a court hearing and took certain items from his computer bag.  The court's prior opinions may not have clearly disposed of this

claim; however, the court would now make clear its opinion that the evidence adduced by plaintiff is not sufficient to warrant a finding, by a preponderance of the evidence, that the defendants were involved in this incident.

Likewise, the court would also now make clear that, with respect to plaintiff's allegations regarding a second alleged break-in of his vehicle in Meridian, plaintiff has not come forward with evidence that could fairly be regarded as creating a genuine issue of material fact as to the involvement of any defendant in the claimed break-in.  Accordingly, summary judgment will be granted on this claim.

In light of the rulings herein, and notwithstanding plaintiff's contrary view of these matters, the court has now dismissed all of plaintiff's claims against all defendants with the exception of his claims against defendant Malta for allegedly having threatened him,[7] and his claims against Pierce for negligent and/or intentional infliction of emotional distress,

_____

[7]     Unlike the other defendants, Malta has not moved for summary judgment on any claim.  However, the court has dismissed the claims against all the individual defendants, including Malta, for actions taken in the course of performing their military duties, under the Feres doctrine.  This includes claims against Malta based on allegations that Malta ridiculed him and assigned him to a storeroom, and threatened him about signing some paperwork.

defamatory/false light liability and intentional interference with his employment with FedEx.[8]

In conclusion, therefore, in accordance with the foregoing, defendant's second motion for summary judgment is granted, and plaintiff's claim against defendants based on alleged retaliatory litigation is dismissed.  Moreover, summary judgment is granted as to plaintiff's claims relating to (1) the break-in of plaintiff's truck in Memphis; (2) the break-in of plaintiff's truck in Meridian; (3) the pilfering and theft of items from plaintiff's computer bag; and (4) alleged vandalism by cutting the gas line to plaintiff's wife's car.

SO ORDERED this 16th day of June, 2008.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[8]    In its July 17, 2007 opinion addressing defendants' motion for summary judgment, the court noted that from its review of plaintiff's response, it was clear that "each of these claims is based on his allegation that defendant Pierce sent a letter to the Federal Aviation Administration in an attempt to obtain revocation of plaintiff's pilot license, to invoke the investigative authority of the Transportation Safety Administration of the Department of Homeland Security and to obtain plaintiff's termination from his regular employment with FedEx."  The court denied Pierce's motion for summary judgment.